THE VILLAGE OF MORGAN PARK

*v.*

PHILIP KNOPF, County Clerk.

*Opinion filed October 25, 1902—Rehearing denied December 5, 1902.*

1. ACTIONS AND DEFENSES—*money paid by municipality under mistake of law cannot be recovered.* The rule that money paid under mistake of law, there being no fraud or mistake of fact, cannot be recovered back, applies to municipal corporations as well as to individuals.

2. SAME—*when village cannot recover fees paid to a county clerk.* · If the charges of a county clerk to a village for his services in connection with the making of tax deeds to it are investigated and settled by the village and voluntarily paid, except as to the fees for recording certificates, which are paid under protest, fees not included in those paid under protest cannot be recovered back, where there was no fraud, concealment or misrepresentation.

3. APPEALS AND ERRORS—*when validity of statute is not involved.* The validity of a statute is not involved unless it is material to the rights of the litigants and connected with the controversy out of which the litigation grew.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

ENOCH J. PRICE, for plaintiff in error.

EDWARD W. SIMS, FRANK L. SHEPARD, and WILLIAM F. STRUCKMANN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The village of Morgan Park brought suit in assumpsit in the circuit court of Cook county to recover alleged overcharges made by Philip Knopf, county clerk of Cook county, for fees, as such clerk, in executing tax deeds to said village. The declaration was in the common counts and the plea of the defendant was the general issue. The case was submitted to the court for trial without a jury, and there was a finding and judgment for the defendant.

The record has been brought into this court by writ of error sued out by plaintiff in error under the claim that the validity of a statute is involved.

The statute alleged by plaintiff in error to be invalid is one allowing the clerk ten cents for noting on collector's warrants tax sales subject to redemption. The validity of that statute was in no way connected with the controversy between the parties out of which the litigation grew, but in preparing for the trial of the case in the circuit court the village attorney made the discovery that the act providing for such fee purported to amend a certain section of a statute which had been previously amended and had ceased to exist in its original form, and on the trial claimed the right to recover back the amount paid for such fees. Plaintiff in error accordingly submitted to the court a proposition of law that the amendatory act was invalid and void. The court wrote across the proposition: "Refused, expressing no opinion as to the law announced in this instruction, but because this charge was paid voluntarily." There was, therefore, no ruling on the proposition of law to be reviewed by this court, but the court declined to act on it at all because it was not involved in the suit. Plaintiff in error did not insist upon a ruling nor except to the refusal of the court to decide the question by holding or refusing the proposition. The validity of the statute does not appear to us to be involved in any way or to be a controverted question in the case. The validity of a statute is involved where it is material to the rights of the litigants, as where a right is claimed under a statute by one side and disputed by the other on the ground of the invalidity of the statute. It does not seem to be claimed by defendant in error in this court that the statute is valid and enforceable, and so far as we can discover from the record it was not so claimed in the trial court. The facts are, that plaintiff in error was purchaser at the tax sales of 1896 and 1897 in Cook county under judgments for special

assessments, and became the holder of 1495 tax sale certificates as to which there was no redemption, and it became necessary to take the tax deeds in order to protect its interests. Affidavits were presented to defendant in error, as county clerk, in 1899 and 1900, for tax deeds. The amount of fees claimed for official services was made known on each occasion to the village board, and an investigation of the claim resulted in a controversy as to the right of the clerk to charge fees for recording certificates. In order to get the deeds and record them within the time limited by statute the village board paid the charges, including the recording fees, under protest, and with the understanding that there was to be a right to recover such fees if the clerk was not entitled to them. No protest was ever made as to the payment of fees for noting tax sales, and the bills, with the exception of the charges for recording the certificates, were voluntarily paid. The only claim of plaintiff in error is, that the village board did not know, as a matter of fact, what the charge of ten cents was based on. It was within the scope of the authority of the village board, through the village attorney acting under its orders, to settle the claim of the defendant in error, and he was guilty of no fraud, concealment or misrepresentation. The charges, on each occasion, were investigated and settled, and the only right saved by plaintiff in error related to the recording fee. There was no fraud or mistake of fact, and if there was any mistake it was one of law, and the money having been voluntarily paid under such circumstances, no action would lie to recover it back. This rule, which is well settled as between individuals, has been extended to municipal corporations under similar circumstances. *People* v. *Foster*, 133 Ill. 496.

There is no question involved in the suit calling for a decision by this court upon the validity of the law, and as its validity does not in any manner affect the rights of the parties it is not involved.

The writ of error is dismissed, with leave to plaintiff in error to withdraw the record and its abstracts and briefs, and with leave to the defendant in error to withdraw his briefs.

*Writ dismissed.*