THE PEOPLE *ex rel.* William Piatt Smith, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*right of highway commissioners to amend the record does not depend on section 191 of Revenue act.* The right of highway commissioners to amend the record of their proceedings to show the truth does not depend upon section 191 of the Revenue act, relating to amendments sanctioned by the court on application for judgment and order of sale for delinquent taxes.

2. SAME—*extent to which certificate of highway commissioners should designate purpose of levy.* It is not essential, under sections 50 and 56 of the Roads and Bridges law of 1913, that the certificate of the highway commissioners shall specify the purposes for which the levy is required, further than that it is for road and bridge purposes.

APPEAL from the County Court of Piatt county; the Hon. WILLIAM A. DOSS, Judge, presiding.

GEORGE B. GILLESPIE, and CHARLES F. MANSFIELD, (L. J. HACKNEY, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

THOMAS J. KASTEL, State's Attorney, and CARL S. REED, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Appellant objected to judgment against its property in the town of Blue Ridge, Piatt county, for the road and bridge tax. Its objections were overruled and judgment rendered against its property, from which judgment it has prosecuted this appeal.

The objections relied upon by appellant are, (1) that the record of the commissioners of highways of Blue Ridge township shows that no action was taken at their September meeting, 1914, determining the amount of tax required to be levied for road and bridge purposes; and (2) that the commissioners did not determine and certify, separately, the several objects for which the tax was required.

The original record of the town clerk showed that the meeting of the commissioners was held at his office on the first day in September (which was the first Tuesday) and all three of the commissioners were present; that it was decided to make a levy of $5540, "a sum sufficient for all expenses for the next year, the same being a rate of thirty-five cents on each $100 assessed value of taxable property." The hearing of the case in the county court was adjourned from time to time up to the sixth of July. There was oral testimony by the town clerk and one of the commissioners that the meeting was, in fact, held at that time, and that the certificate filed with the county board and offered in evidence as Exhibit 1 by appellant was signed at that time and a copy of it filed with the clerk. On the fifth day of July the commissioners held a meeting at the town clerk's office and adopted a resolution reciting that a question had arisen whether the clerk's record of the meeting of September 1 showed the certificate of the amount required to be raised was made at said meeting, and it was ordered that the record of said meeting be amended. As amended the record showed the commissioners decided that a levy of $5540 was required and thereupon made and signed the certificate of

levy. There was no amendment made of the certificate filed with the board of supervisors. It recited the holding of a meeting in August, at which a tax rate of thirty-five cents on each $100 valuation was determined upon, and that at the meeting on the first Tuesday in September the commissioners determined that the amount necessary to be raised by taxation for road and bridge purposes was $5540. Without determining whether the original record of the September meeting was sufficient or not, it was sufficient as amended.

Appellant insists that the amendment by the board of commissioners was unauthorized and its admission in evidence was improper and erroneous. It is argued that the amendment was not made by or in the presence of the court, as provided by section 191 of the Revenue act, and that the board could not, at the meeting held July 5, amend the record. While amendments may be made as provided in said section 191, we have held that the right of such bodies to amend their records to speak the truth is not dependent upon that section. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante,* p. 195,) and cases cited.

The levy was made pursuant to the power conferred by sections 50 and 56 of the Road and Bridge law, and in our opinion those sections were complied with by the board at the meetings in August and September and the certificate filed with the board of supervisors. We do not understand those sections of the statute require the board to designate the purposes for which the levy was required, further than that it was for road and bridge purposes.

The judgment of the county court is affirmed.

*Judgment affirmed.*