(No. 19164.—

THE PEOPLE *ex rel.* Thomas A. Ferguson, Appellee, *vs.*
THE SCHLITZ TRANSFER COMPANY, Appellant.

*Opinion filed December 20, 1928—Rehearing denied Feb. 7, 1929.*

FOLLETT & FOLLETT, and WOODWARD, HIBBS & POOL, for appellant.

RUSSELL O. HANSON, State's Attorney, and LESTER HORAN, (BUTTERS & BUTTERS, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court of LaSalle county for sale of the property of appellant located in the city of Ottawa for delinquent taxes for the year 1927. Appellant filed objections to the application of the county collector for judgment on the ground that the board of review of LaSalle county had illegally increased the assessed value of appellant's property, consisting of two lots. The objections set out that the quadrennial assessment had fixed the assessed value of one of these lots at $1000 and the other at $1800, and that by a horizontal raise of the assessed values the board of review increased the same fifty per cent. Appellant paid the tax on the valuation previously fixed, and its objection goes to the excess over and above the amount due on the original valuation. The objection is that the record of the board of review on which the horizontal raise of valuation in the county of LaSalle was made did not show a valid increase.

The application for judgment showed that the valuations of the two lots on which the assessment was levied and the tax extended were $1500 and $2700. On the hearing the collector, as a part of his *prima facie* case, offered to amend the record of the board of review by an amend-

ment made by that board on the 12th day of July, 1928, after the application for judgment and objections were filed. Counsel for appellant objected to the introduction of this amended record on the following grounds: (1) No foundation had been laid showing any necessity for an amendment of the record; (2) none of the members of the board of review nor the clerk of that board had been brought before the court to show that an error, insufficiency or omission existed in the original record of the board; and (3) the board for the year 1927 had long prior to the hearing adjourned pursuant to law, had deposited its records and filed its memoranda and assessments in the office of the county clerk of LaSalle county, and had become *functus officio* and without power to re-convene and amend its records. These objections were overruled and the amended record was admitted in evidence and forms a part of the *prima facie* showing of the county collector.

The first question presented on this record is whether the court erred in admitting the amended record. The power of a board of review is prescribed by statute and it must act in the manner there prescribed. (*People* v. *Keogh,* 306 Ill. 323.) The board can act only by its record. Parol levy of taxes is not legally possible, but a record of the taxing body showing the levy or assessment of a tax must be kept. (*People* v. *Chicago, Lake Shore and Eastern Railway Co.* 270 Ill. 477.) That record may be amended, under section 191 of the Revenue act, by order of the court on a hearing on application for judgment for delinquent taxes. In order that such amendment be made, however, the evidence of a mistake in the original record and that the amended record speaks the truth must be clear and satisfactory. (*People* v. *Illinois Central Railroad Co.* 271 Ill. 213, and cases cited.) The amendment of such official record is not confined to the method prescribed by section 191 of the Revenue act, but taxing bodies have a right to amend their records so that they shall speak the truth. (*People* v.

*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
271 Ill. 203.) It has been held in cases where evidence
offered on hearing on application for sale for delinquent
taxes shows that the amendment made by the taxing body
spoke the truth as to the action of that body, that the
amended record is admissible in evidence. (*People* v. *Cleve-land, Cincinnati, Chicago and St. Louis Railway Co. supra;
People* v. *Cleveland, Cincinnati, Chicago and St. Louis Rail-way Co.* 271 Ill. 195; *People* v. *Zellar,* 224 id. 408.) In
this case neither the members of the board of 1927 nor its
clerk were called to testify to the correctness of the amend-
ment, and that, as a matter of fact, a mistake or omission
had been made in the original record. An affidavit of the
clerk of the board was attached to the amendment stat-
ing this in effect, and the question arises whether such an
affidavit is sufficient to authorize the court to admit the
amended record in evidence.

Counsel for appellee argue that as public officers are pre-
sumed to have done their duty, such presumption, together
with the amended record offered, is sufficient to entitle the
admission of such amended record in evidence. The rule
is that public officers are presumed to have done their duty,
but it has never been held that there is a presumption that
an amended record of such a public body speaks the truth.
In fact, the offer of an amendment overcomes the presump-
tion that the original record was correct, and in all cases
of the character under consideration here which we have
seen, the amendment made by such public officers was ad-
mitted in evidence only after it was shown by clear and sat-
isfactory proof that the amendment offered in fact spoke
the truth and that a mistake appeared in the original record.
It seems clear that were this a case where the amendment
was made on direction of the court an affidavit filed in court
would not be sufficient evidence. Parties in interest are en-
titled to the evidence of witnesses to show the correctness
of the amendment and to an opportunity to cross-examine

them. The cases in which it has been held that amendments may be made by the officers charged with the duty of making the original record are where the officer charged with such duty is such officer at the time of the making of the amendment or such amendment is made by a continuing collective body which exercises that right as one common to legislative and collective bodies generally. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195; *Turley* v. *County of Logan,* 17 id. 151; *People* v. *Zellar, supra.*

It is objected here that the board of review for 1927 having passed out of existence it had no authority to amend the record. Whether it can be said generally that a continuing collective body may amend its records and such amendment be admitted in evidence on a hearing of this character without showing by evidence the correctness of such amendment, which we do not here decide, it seems clear that such an amendment made after the board has become *functus officio* cannot be admitted in evidence without clear and satisfactory proof that the record as amended speaks the truth. We are of the opinion that the court may in the interest of justice, on a clear showing, direct such an amendment even though the board has become *functus officio,* but there is no such showing on this record. The proof of the correctness of the amendment was not sufficient to authorize the court to admit the amended record in evidence and it was error so to do. Appellee's *prima facie* case therefore must depend, alone, on the application for judgment, publication of the delinquent list and proof of such publication.

The burden devolved upon appellant to prove the illegality of the tax. It was shown by the application for sale that the property lies in the city of Ottawa. It was stipulated that the city of Ottawa is located partly in the town of Ottawa and partly in the town of South Ottawa; that there are portions of the towns of Ottawa and of South

Ottawa not included in the limits of the city of Ottawa. It was also stipulated that appellant's property is not farm land. The original record of the board of review on the matter of a horizontal raise of land values sets out that the board had mailed to at least fifty owners of real estate in Ottawa township notice that the board would take such action as it deemed proper in revising the entire assessments of real estate other than farm lands in said township, and that it also mailed to at least fifty real estate owners in South Ottawa township notice that the board would at the same meeting consider and take such action as it deemed proper in revising the entire assessment of farm lands in that township. The effect of this record was to give notice of a revision of the value of real estate not farm lands in Ottawa township, and that a revision of the assessed values of farm lands would be made in South Ottawa township. As stipulated, the city of Ottawa lies in both Ottawa township and South Ottawa township. The original record indicates, therefore, that notice was given that it was proposed to revise the assessment of real estate other than farm property in only that portion of the city of Ottawa which lies in Ottawa township, while in South Ottawa township farm property, only, was to be affected.

Section 35 of the Revenue act of 1898 (Cahill's Stat. 1927, p. 2131,) provides as follows: "The board of review shall, in any year, whether the year of the quadrennial assessment or not, * * * Fifth, increase or reduce the entire assessment of either real or personal property, or both, or of any class included therein if in their opinion the assessment has not been made upon the proper basis, or equalize the assessment of real or personal property by increasing or reducing the amount thereof, in any township, or part thereof, or any portion of the county, as may, in their opinion, be just, but the assessment of any class of property, or of any township, or part thereof, or any portion of the county, shall not be increased until the board shall have

notified not less than fifty of the owners of property in such township, or part thereof, or portion of the county of such proposed increase and given them, or anyone representing them, or other citizens of said territory, an opportunity to be heard."

That the board of review had power, on proper notice and procedure, to increase the assessment of property in the city of Ottawa cannot be doubted. The original record in this case shows that the board increased the assessed value of real estate in the city of Ottawa fifty per cent. In order to make such an increase it was necessary that the records of the board show that notice was sent to at least fifty owners of real estate in the city of Ottawa. It was not necessary that the board give notice to every property owner within the city of Ottawa of its intention to raise the assessed value of the real estate in that city but the giving of notice to fifty real estate owners in such city is sufficient. (*People* v. *Orvis,* 301 Ill. 350.) The original record of the board showed, however, a proposal to revise the assessed values of real estate other than farm property in only that part of the city of Ottawa lying in Ottawa township. This the board could not do. Such an increase, and the notice supporting it, must be as to all the real estate in the city of Ottawa. The original record therefore does not show legal action on the part of the board of review in raising the assessed valuation of appellant's property. This being true, and the amendment being improperly admitted in evidence, it was error to enter judgment for the sale of the property.

The judgment is therefore reversed and the cause remanded.                          *Reversed and remanded.*