(No. 20243.—)

O. D. JENNINGS & Co., Defendant in Error, *vs.* R. E. HOFF-
MAN, Plaintiff in Error.

*Opinion filed December 18, 1930.*

JAY STOUGH, for plaintiff in error.

EVERETT JENNINGS, and HAYDEN N. BELL, for defend-
ant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

By review on this writ of error plaintiff in error,
R. E. Hoffman, seeks to have reversed a judgment of the
circuit court of Cook county against him in favor of O. D.
Jennings & Co., defendant in error, for the sum of $4088.

This was a suit in assumpsit by defendant in error to
recover the price of certain machines manufactured and
owned by it and sold and delivered to plaintiff in error.
The writ of error was sued out of this court on the theory
that if the Gambling statute was construed in a certain
way a constitutional question would be involved in the suit.
However, in the view taken by the parties in their briefs
and arguments in this case it does not appear that any
question is here in issue which involves a constitutional

question. Plaintiff in error in his brief says: "The decisive fact in this case is the character of the machines for the price of which this suit is brought. If these machines are in character and in fact gambling machines by mechanical design, construction and operation, the defendant in error being the designer thereof, the law is clear that no recovery can be had for the purchase price of the machines." Defendant in error in its brief says: "The sole ground of defense in this case is the claim that the machines for the recovery of the purchase price of which the suit below was brought, are gambling machines kept and owned in violation of an act entitled 'An act to prohibit the use of clock, tape, slot or other machines or devices for gambling purposes.' The undisputed evidence showed beyond a doubt or the possibility of dispute that the machines in question were not devices for gambling purposes but that they were vending machines by design, construction and use, with the vending mechanism of which it is no more possible to gamble than it would be with any vending machine. It therefore appears that the case is determined against plaintiff in error by the evidence on the sole question of fact upon which the defense rests. This question or claim is that the machines are gambling machines, and the undisputed evidence, beyond the possibility of controversy, shows that the machines were vending machines."

From these statements it is apparent that the sole question involved in this case is one of fact, in the determination of which no constitutional question is involved. No other ground of jurisdiction in this court appearing or being suggested, the cause is transferred to the Appellate Court for the First District. *Cause transferred.*