(No. 30864.— )

EDWARD L. FOERTSCH, Appellant, vs. CHARLES E. FOX *et al.*, Appellees.

*Opinion filed January 19, 1949—Rehearing denied March 16, 1949.*

RICHARD C. LINDBERG, of Chicago, (LLOYD C. WHITMAN, of counsel,) for appellant.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, (L. LOUIS KARTON, MAURICE J. NATHANSON, and HERMAN SMITH, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an appeal by Edward L. Foertsch from an order of the superior court of Cook County, denying relief sought

on a petition for *certiorari* from the action of the board of zoning appeals, and in sustaining the action of the board.

The facts disclose that appellant purchased certain improved property that was erected in 1915, before the zoning ordinance of the city of Chicago was adopted in 1923. The building upon the property and the business conducted therein constituted a nonconforming use. The property had been used for various kinds of manufacturing with power-driven machinery. It was acquired by appellant in March, 1945, and is suitable for a manufacturing business in which he desired to carry on a machine shop. In September, 1946, the commissioner of buildings refused to issue a license to him to conduct a machine shop on said premises, which the appellant claims to come within the nonconforming use. October 18, 1946, an appeal was taken from the order refusing the license to the board of zoning appeals, where the appeal was dismissed as having been previously heard.

When the matter was heard by the board of zoning appeals the point was raised by opponents to the use sought that the matter had been heard before the commissioner of buildings and denied, which they claimed constituted an adjudication or estoppel in the case. Appellant claims that the previous matter determined by the commissioner of buildings was an "application for variation," and the present matter is one for issuing a license for the use of the machine shop without any variation. The answer to the petition confines itself to an admission or denial of the several averments made therein, but does not set out any proceedings in the variation application.

The errors relied upon for reversal are: (1) The trial court erred in refusing to grant the relief prayed for in the petition for writ of *certiorari;* (2) the trial court erred in refusing to grant plaintiff a trial *de novo;* (3) the trial court erred in refusing to reverse the order of the board of zoning appeals which affirmed the decision of the com-

missioner of buildings in denying plaintiff the right to operate a machine shop on the premises in question; (4) the trial court erred in refusing to reverse the order of the board of zoning appeals, which said refusal was based solely upon a reading of the petition for writ of *certiorari,* the answer thereto and the transcript of record.

It is not disclosed in the briefs how this court has jurisdiction of a direct appeal in this case. The statute authorizing appeals in zoning matters provides: "Appeals shall lie to the Appellate or Supreme Court to review the final orders, judgments, or decrees of the court, as provided for in this article as in other civil cases." (Ill. Rev. Stat. 1947, chap. 24, par. 73-7.) There is no certificate filed that the validity of an ordinance is involved, and that the public interest requires a direct appeal to this court; nor is there any other of the grounds of direct appeal, as specified in section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 199,) present to authorize such an appeal.

In the body of the brief it is urged by appellant that the return to the writ of *certiorari* shows that no testimony was taken or any hearing had by the board of zoning appeals, and consequently the order of such board is invalid, and should have been so held by the trial court. Assuming this to be true, neither the validity of a statute nor a constitutional question is involved. An error of a court in applying the principles of constitutional law does not involve a constitutional question, but merely constitutes a question as to the validity of a judgment or decree, which may be corrected upon appeal to the proper court. *De La Cour* v. *De La Cour,* 363 Ill. 545; *Dillenburg* v. *Hellgren,* 371 Ill. 452; *City of Chicago* v. *Terminiello,* 396 Ill. 41; *Hawks* v. *People,* 398 Ill. 281; *Olson* v. *Rossetter,* 399 Ill. 232.

The appeal in this case was first taken to the Appellate Court for the First District, but upon motion of appellees

the case was transferred to this court. We have heretofore set out the errors assigned by appellant, none of which involve the validity of a statute. Appellees claim, however, that the validity of a statute became involved because among other things urged by the appellant in his brief was the statutory right of the board of zoning appeals to hear evidence. The appellees now contend that the authority given the board of zoning appeals to take evidence makes the statute unconstitutional and invalid, and hence the validity of a statute becomes involved.

There was no issue presented in the trial court involving the validity of a statute. The appellant did urge he was entitled to a hearing, and that he had a right to offer evidence, but the court did not decide the case upon this point. It simply held that the prior hearing upon the application for a variation from the ordinance constituted an adjudication or estoppel barring any further hearing. This cannot possibly involve the validity of a statute, and especially when no issue is raised upon it. Where a question of fact is involved, even though the validity of a statute is questioned, no direct appeal may be taken. (*Jennings & Co.* v. *Hoffman,* 342 Ill. 229.) And generally the validity of a statute is never determined unless it is necessary to do so to properly decide the issues in the case. *Village of Morgan Park* v. *Knopf,* 199 Ill. 444; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railway Co.* 246 Ill. 620; *Ossey* v. *Retail Clerks' Union,* 326 Ill. 405; *City of Watseka* v. *Blatt,* 381 Ill. 276.

Appellant claims he was denied a right to a hearing, which may be decided without necessarily involving the right to have evidence heard. The response to the writ of *certiorari* was before the court, and could have been acted upon, but appellant says it was not acted upon. He did not actually offer any testimony, and appellees make a point of this in saying that appellant is not entitled to urge any rights under the statute authorizing appeal from the board

of zoning appeals. Ordinarily, a party cannot urge a failure of his adversary to use a certain statute as error and, in the same case, claim that statute is invalid.

We have no jurisdiction of this case, and the court improperly transferred it to this court. The order of the Appellate Court for the First District is reversed, and the cause is transferred to the said Appellate Court for the First District, with directions to set aside the order of transfer, and to consider the merits of the case.

*Cause transferred, with directions.*