(No. 30905.—

FREDERICK J. BERTRAM, Appellant, *vs.* BERNARD J. FALLON, as Trustee for Chicago Rapid Transit Company, Appellee.

*Opinion filed March 24, 1949.*

FREDERICK J. BERTRAM, of Chicago, appellant *pro se.*

BELL, BOYD & MARSHALL, and HERBERT M. JOHNSON, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an action at law brought by appellant, Frederick J. Bertram, in the circuit court of Cook County, to recover alleged excessive charges for elevated train fares charged and collected by Bernard J. Fallon, as Trustee for Chicago Rapid Transit Company, a corporation. The court, after hearing the evidence, found the issues in favor of the defendant, and entered judgment accordingly.

The complaint charges that appellee was operating a transportation system of passengers for hire, as a common carrier, and as such was under the jurisdiction of the Illinois Commerce Commission; that plaintiff, a resident of Chicago, used said transportation daily; that on June 27, 1946, and thereafter, the legal rate of fare was ten cents for each adult passenger, and that defendant from said date until October 31, 1946, charged and collected from each passenger, including plaintiff, twelve cents for each fare, and on each occasion within said dates charged the plaintiff two cents in excess of the legal fare for each ride, and has collected from him in said manner $5.64 in excess of the lawful amount said defendant was permitted to charge. The second count of the complaint amplifies somewhat the charge in the first count, and claims punitive damages in the sum of $100,000, without specifying how he has been damaged, except by the payment of $5.64.

The answer admits that until May 23, 1946, ten cents was the legal fare, and then sets out certain legal proceedings between the defendant and the Illinois Commerce Commission, affecting rates, decided in this court in two different

opinions, and that by reason of said proceedings the said fare of twelve cents charged was during said times legal and lawful, and denied that defendant had unlawfully or otherwise collected excess fares from plaintiff, as charged in either count of the complaint. A hearing was had before the court and judgment rendered against plaintiff, who has appealed directly to this court.

The appellee has very properly questioned the jurisdiction of this court to hear the cause on direct appeal from the circuit court. Section 75 of the Civil Practice Act provides direct appeals may be taken to this court "in all cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved, * * * and in all cases relating to revenue, or in which the State is interested as a party or otherwise." (Ill. Rev. Stat. 1947, chap. 110, par. 199.) There is nothing in these enumerated grounds which permits a direct appeal in the instant case. The appellant contends we could take the case under that portion of section 75 which authorizes appeals in which the validity of a statute or a construction of the constitution is involved, and a case in which the State is interested as a party or otherwise.

In order to raise a constitutional question it must not only be urged in the trial court, but must be passed upon by that court, otherwise there is no basis for appeal. (*Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449; *Akouris* v. *Village of.Oak Lawn,* 389 Ill. 582.) Appellant makes no claim of a constitutional question in his complaint, nor does he claim any statute might possibly be invalid. It is likewise a fact that the court has made no finding nor judgment concerning any constitutional question or the validity of a statute. The interests of the State of Illinois are adequately represented by its public officers, and private claims or demands cannot be magnified into State matters so as to urge that the State is an interested party.

Although appellant in his reply brief asserts these grounds of direct appeal exist, it is well settled that grounds of direct appeal to the Supreme Court cannot be brought before us upon the mere assertion contained in an appellant's brief. (*Northwestern Institute* v. *Thompson,* 386 Ill. 615; *Foertsch* v. *Fox,* 402 Ill. 447. The suggestion of appellee that we have no jurisdiction is well founded, and the cause is accordingly transferred to the Appellate Court for the First District.

*Cause transferred.*