(No. 31249.— )

CHARLES SCHROEDER, Appellant, *vs.* JOHN BRENNAN *et al.,*
Appellees.

*Opinion filed September 21, 1950.*

EDWARD T. HOWE, and ALFRED M. LOESER, both of Chicago, for appellant.

HECTMAN, WINSTON & PENN, of Chicago, (HARVE ROBERT HECTMAN, and ISRAEL GORINDER, of counsel,) for appellees.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Charles Schroeder, appellant, filed his amended complaint November 14, 1947, in the superior court of Cook County seeking a mechanic's lien against the property of appellee John Brennan, by reason of improvements made thereon through an electrical contract with the other appellee, the tenant, Zippy Laboratories, Inc., with the knowledge and consent of Brennan. It also sought, in the alternative, for judgment against Zippy Laboratories, Inc. The cause was referred to a master who recommended that the prayer of the amended complaint, in so far as it prays for a mechanic's lien and for judgment, be denied. Objections were filed to the master's report which were overruled. They were ordered to stand as exceptions in the superior court but were overruled, and a decree was entered which denied a mechanic's lien and dismissed appellee Zippy Laboratories, Inc., from the suit for want of equity. Appellant prosecutes an appeal directly to this court to review that decree.

Our jurisdiction is not questioned by the parties but we are, nevertheless, concerned in the first instance as to whether or not we have jurisdiction of the appeal. A mechanic's lien foreclosure does not involve a freehold and consequently this court is without jurisdiction on that ground in an appeal from a decree in such case. *Nat. Bank*

*of Republic* v. *Adams Bldg. Corp.* 359 Ill. 27; *Kagy* v. *Luke,* 357 Ill. 512.

It is said by appellant that the master forced him to pay a part of his fees in advance and prior to the disposition of all objections to the master's report, in violation of section 19 of article II of the Illinois constitution, which provides in effect that one shall not be obliged to purchase right and justice. This alleged action of the master is expressly denied. It is further contended by appellant that he did not receive due process of law as guaranteed by section 2 of article II of our State constitution because he was forced to make such payment and because no hearing was had on charges made by him in an affidavit concerning the payment, the facts of which were denied by counteraffidavit; that he lost the right of confronting the witnesses and an opportunity to cross-examine them on the question of such payment and further that because the master required fees in advance his report was illegal and unlawful as being in violation of section 20 of the Fees and Salaries Act, (Ill. Rev. Stat. 1947, chap. 53, par. 38,) and subparagraph 3 of rule 58 of the superior court.

Section 20 of the Fees and Salaries Act provides certain fees for masters in chancery and provides that the court may order any party seeking to offer evidence before the master to deposit with the clerk such sum or sums as may be fixed by the court to secure the payment of any part or all of the costs of such reference, etc. This statute is said by appellant to violate section 13 of article IV of the Illinois constitution in that the act embraces more than one subject; that the subject of costs and security is not embraced in the title and the act tends to amend the Costs Act without reference thereto. Subsection 3 of rule 58 of the superior court does not appear in the record but as shown in appellant's brief provides that no master shall, prior to the disposition of all objections to his report, re-

quest of or accept from any party litigant, or his counsel, any stipulation as to the amount of his fees; nor shall he, prior to the taxation of his fees, request or receive any payment on account of his services upon the reference, except for fees already accrued for the taking and reporting of testimony at the statutory rate and taxable stenographer's fees.

None of the constitutional grounds above mentioned was raised in any manner in the lower court. Objections were filed to the master's original and supplemental reports, but nowhere in any objection or in the exceptions before the court, do we find mention of a constitutional violation, or any request for construction of a constitution nor does the court in its decree pass upon any such question. The complaint charged no constitutional invasion nor did it request the construction of any constitutional provision. Before we can take jurisdiction of an appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review, and error assigned on it in the Supreme Court; and the mere assertion that a constitutional question is involved or that a constitutional right has been invaded is insufficient, in the absence of other grounds, to confer jurisdiction. *People* v. *Rohde,* 403 Ill. 41; *Bertram* v. *Fallon,* 403 Ill. 66; *Maupin* v. *Maupin,* 403 Ill. 316; *People ex rel. Trust Co. of Chicago* v. *Holleb,* 402 Ill. 594.

The master denies that he made demand or request for any deposit on account of his fees pending the hearing of the cause before him as charged by appellant, and says that any deposits made by the parties were voluntarily made and after several hearings were had before him. This raises a question of fact, and where a question of fact is involved, even though the validity of the statute is questioned, no direct appeal to this court may be taken.

*Foertsch* v. *Fox,* 402 Ill. 447; *Jennings & Co.* v. *Hoffman,* 342 Ill. 229.

Upon a careful examination of the record we find no grounds affording us jurisdiction of this appeal and the cause must be transferred to the Appellate Court for the First District, which is accordingly done.

*Cause transferred.*