(No. 34004.—

THE PEOPLE *ex rel.* JOSEPH D. SHIRK, County Collector, Appellee, *vs.* THEODORE G. GLASS, doing business as Ted Glass Oil Properties, Appellant.

*Opinion filed September 25, 1956.*

CRAIG & CRAIG, of Mt. Vernon, (DONALD F. STORM and GLENN E. MOORE, of counsel,) for appellant.

LLOYD MIDDLETON, State's Attorney, of Pinckneyville, (HAROLD O. FARMER, of counsel,) for appellee.

\* Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal by a taxpayer from an order of the county court of Perry County overruling objections to the application by the county collector for judgment for taxes against a certain oil and gas leasehold for the years 1954 and 1953. The court overruled the objections and rendered judgment against the real estate for the two years. No questions were raised on the pleadings. As this case relates to revenue, appeal was taken directly from the trial court to this court.

The objector's theory is that the real estate was assessed for the taxes in the year 1954 as omitted property for the years prior to 1954 by the assessor, not by the board of review, without notice to the taxpayer and without a hearing.

The theory of the collector is that the assessments were for the years 1954 and 1953; that the assessment for the current year of 1954 was made in 1954 by the assessor;

---

\* This opinion was prepared by the late Mr. Justice Maxwell and has been adopted and filed as the opinion of the court.

that the assessment for the omitted year of 1953 was made by the board of review; and that the objector has waived his right to question either assessment.

The objector commenced the operation of oil wells in Perry County in the spring of 1952. He made no effort to schedule his interest in the leasehold for the years 1952 and 1953 although the wells were in continuous production. The property was not listed in the assessment book for the quadrennium 1950-53. The objections here are to taxes assessed against the oil-and-gas leasehold for two separate years and are the first ever made against objector's leasehold property. It is admitted that the assessments for both years were made in 1954. The assessment book, before being amended, showed that the assessments were for the years 1953 and 1952.

At the hearing on the objections the collector made a *prima facie* case by introducing the tax judgment, sale, redemption and forfeiture record of Perry County and proof of publication of the delinquent lists.

Thereafter the collector requested and obtained leave of court to introduce evidence to form a basis to amend the assessment book to make it show that the assessments were for the years 1954 and 1953 and to further make it show that the 1954 assessment was made by the assessor. The trial court, over objection, permitted the introduction of such evidence and after its introduction allowed the amendment of the assessment book accordingly.

We shall first consider the amendment to the assessment book. Objector contends that the trial court erred, first, in hearing any evidence on which to base the amendment and, second, in allowing the amendment on the evidence adduced.

For the purpose of effecting the amendment, the People called the former assessor and introduced in evidence the applicable assessor's book for the years 1954-1957. On line 15

of page 14 of this book was written a description of the oil and gas lease in question. Beside this description was written the figure "1953." Below the description and on line 16 was written "Ted Glass Oil Properties, 7/8 W.I. less 1/32 of 7/8 ORR" and opposite this in the column headed "As Revised, Corrected or Made by the Board of Review" was written the figure "80,300." Below the 80,300 figure were written the valuation figures for a third party's overriding royalty interest and the land owner's 1/8 royalty interest. To the left of "oil wells" was written "(1953)" with the figure "4" superimposed upon the "3." On lines 19 and 20 of this same page the description of the lease was again written and beside this description was the figure "1952." Below this description and on line 21 was written "Ted Glass Oil Properties (7/8 W.I.)" and opposite this in the column headed "As Revised, Corrected or Made by Board of Review" was written the figure "97,000." Below this 97,000 figure was written a valuation for land owner's 1/8 royalty interest. To the left of these two valuation figures was a bracket, to the left of the bracket was written "oil wells"; and to the left of "oil wells" was written "(1952)" with the figure "3" superimposed upon the "2."

The attention of the witness was directed to the appropriate lines in the book where the disputed assessments were shown. He testified that it was in 1954 that he commenced preparation of the assessment of objector's property and that the years involved were 1954 and 1953. Further that when he entered the assessment of $80,300 at lines 15-17, he intended the figure as an assessment for 1954, but through a clerical error it showed 1953. In support of his recollection the published assessment roll for 1954 was introduced and identified. This exhibit shows the property listed at lines 15-17 was assessed for 1954 at $80,300, the same figure which appears in the assessment book. There was further testimony by the witness that as

assessor he made the assessment of $80,300 in the year 1954 and that it was not changed or revised by the board of review.

With reference to the assessment of $97,000 at lines 19-21, the witness testified that 1953 was the year intended to be assessed rather than 1952. His recollection was supported by a letter from the witness to objector dated June 19, 1954, to which was attached a real and personal property tax return for oil producers showing that the assessment for 1953 was $97,000.

Over the objector's objections, the court permitted page 14 of the assessor's book to be amended by changing the figure "1953" on line 15 to "1954," changing the figure "1952" on line 19 to "1953" and inserting the figure $80,300 in the column headed "As Made by Assessor."

After leave to amend had been granted and amendment made, the county clerk of Perry County was called as a witness for the collector. Over objection, the collector's book for 1954 was introduced in evidence and the county clerk testified that valuations of objector's property, entered in lines 20 and 21 and 26 through 29, page 14 of the collector's book for 1954, were taken from page 14 of the assessor's book. He further testified that, prior to making the extensions for the years 1954 and 1953, he determined from the assessor that those were the years intended to be assessed.

The objector urges, first, the assessment record cannot be amended by parol evidence; second, that a certificate of error is the sole means of amendment of the record; and, third, conceding the trial court had the authority to permit the amendment, the evidence in the case was insufficient to allow it.

Section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1953, chap. 120, par. 716,) provides in part:

"In all judicial proceedings of any kind, for the collection of taxes and special assessments, all amendments may

be made which, by law, could be made in any personal action pending in such court, and no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls, * * * and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; and any irregularity or informality in the assessment rolls or tax lists, or in any of the proceedings connected with the assessment or levy of such taxes, or any omission or defective act of any other officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied and made to conform to law by the court or by the person (in the presence of the court) from whose neglect or default the same was occasioned."

The assessor testified it was in 1954 that he commenced preparing an assessment of objector's property and that the years involved were 1954 and 1953. On June 19, 1954, the assessor wrote the objector a letter which clearly advised him that the assessment for the year 1953 was $97,000. In May, 1954, the objector himself made a return to the assessor for assessment for the year 1954, in which he fixed the valuation of his oil wells at $80,300. The same valuation of $80,300 was listed against his property for the year 1954 in the published assessment roll. Aside from these matters, objector testified as follows:

"Q. Then as early as June 19, 1954, and very shortly thereafter when you received this letter you were aware that the County of Perry proposed to assess you for the year 1953 in the amount of $97,000; is that correct?

A. Yes sir.

Q. So that when you came to the Assessor's office in the year 1954, you were aware that the assessments pro-

posed to be made against you were for the years 1954 and 1953.

A. Yes, I suppose."

At a hearing on objections to application for judgment for delinquent taxes, a public record may be amended by parol evidence to correct clerical errors and make it speak the truth.

From that before us we believe the evidence of a mistake in the original public record is clear and satisfactory and that the assessor's book, as amended, does speak the truth. Under the liberal provisions of section 235 of the Revenue Act, it was proper for the court, in its discretion, to correct any irregularity or supply any omission of any officer connected with the assessment and levying of taxes which did not affect the substantial justice of the tax. *People ex rel. Lunn* v. *Chicago Title and Trust Co.* 409 Ill. 505, 515, and cases cited.

Objector's contention that a certificate of error is the sole means of amendment of the record is made in this court for the first time. No such suggestion was raised in the trial court where the validity of such contention could be ruled upon and an exception preserved. In further support of this contention the objector now argues that the collector did not introduce in evidence such a certificate of error. That argument was not made in the trial court when the amendments were requested. However, a cursory reading of the statute (Ill. Rev. Stat. 1953, chap. 120, par. 526,) makes it clear that a certificate of error is to be issued to the person or corporation erroneously assessed. It is apparent that the instrument is delivered to the taxpayer for his use and benefit, and its purpose is to rectify a mistake or error in calculation, identity, ownership or the like. It is the taxpayer who would possess and present it as evidence for the purpose of avoiding payment or securing a reduction of taxes.

The record and all the evidence points to the fact that

the assessment of $80,300 was for the year 1954. The testimony further shows that this particular assessment was made by the assessor, as assessor, and was never revised or changed by the board of review. It was made in 1954 for the year 1954. The year 1954 was the year of the quadrennial assessment and the statute authorizes the assessor to make the assessment in such year (Ill. Rev. Stat. 1953, chap. 120, par. 524.) Under the authority of *Dietman* v. *Hunter*, 5 Ill.2d 486, the assessor had the authority to make the 1954 assessment and without prior notice to the taxpayer. Furthermore, the assessment was made from data furnished by the objector. He had constructive if not actual notice from the publication of the assessment roll. His testimony indicates that in 1954 he was aware of the year and amount assessed. On the facts and under the law, objector has no just ground to complain of the assessment for 1954. The action of the trial court in overruling his objections as to the tax in the amount of $1959.32, based on the 1954 assessment of $80,300, should be sustained.

Having come to the conclusion that taxes were properly assessed for 1954 we now direct our attention to the taxes assessed for the year 1953. Both objector and collector agree that 1953 was an omitted year. Both concede that only the board of review may assess for an omitted year. Ill. Rev. Stat. 1953, chap. 120, pars. 589 and 701; *People ex rel. Patton* v. *Sellars*, 179 Ill. 170; *Stevens* v. *County of Henry*, 218 Ill. 468; *People ex rel. Jones* v. *Webb*, 256 Ill. 364; *People ex rel. Parker* v. *Board of Appeals*, 367 Ill. 559.

The collector submits that taxes on the property for the year 1953 were assessed by the board of review. Objector contends that three basic fundamental statutory duties necessary to make the taxes for 1953 valid were omitted; first, the board of review did not assess the property; second, the notice required by statute was not given; third, the hearing required by statute was not held.

The power of a board of review is prescribed by statute and it must act in the manner therein prescribed. The board can act only by its record. Parol levy of taxes is not legally possible but a record of the taxing body showing the levy or assessment of a tax must be kept. (*People ex rel. Stuckart* v. *Chicago Lake Shore and Eastern Railroad Co.* 270 Ill. 477; *People ex rel. Ferguson* v. *Schlitz Transfer Co.* 333 Ill. 333.) As was said in *People ex rel. Wangelin* v. *City of St. Louis,* 367 Ill. 57, at page 67, "A record which is the only source of evidence by which official action can be shown and which does not show any action shows that none was taken." Although the valuation for assessment was entered in a column in the assessment book entitled "As Revised, Corrected or Made by Board of Review," the evidence of the minute book of the board of review for 1954 showed that no notice was given and no hearing was held on the assessment of this oil and gas leasehold. Further, no witness at the hearing specifically testified that the board of review made the assessment. The record on this point, taken as a whole and considered most favorably to the collector, indicates that the assessment for the omitted year, 1953, was made by the assessor, as assessor, and not by the board of review as required by statute. Ill. Rev. Stat. 1953, chap. 120, par. 589(1), 701.

The collector argues that the objector has waived his right to object to the assessment on which the 1953 tax was extended by his failure to complain to the board of review. The authorities are uniform that there must be notice to the property owner, either actual or by law, and an opportunity for hearing of some description, as a condition precedent to charging him with a tax. (*The City of Lawrenceville* v. *Maxwell,* 6 Ill.2d 42.) The situation where a current assessment is properly made by the local assessor and approved or reduced by the board of review is to be distinguished from the situation presented where the assessment is of omitted property. In the former situation, the

board of review need not give notice or hold a hearing before it acts, for the reason the taxpayer is given such notice by publication and thereafter has an opportunity to file a complaint with the board of review and obtain a hearing. The levy, assessment and collection of taxes are purely statutory and the levy, assessment and collection of taxes can only be made as expressly pointed out in the statute. In the latter case the taxpayer is entitled to rely upon the provisions of a statute which provide that an assessor cannot assess omitted property, and the taxpayer has a right to await notification from the board of review before taking any action with regard to his property which has been omitted from the tax rolls.

The objections by the objector to the tax on the 1953 assessment are well taken. The trial court erred in not sustaining them. To this extent, the judgment of the county court of Perry County is reversed and the cause is remanded, and that court is directed to enter judgment determining the tax in the amount of $2366.80 based on the 1953 assessment is not due and ordering the collector to refund to the objector the tax so paid.

*Affirmed in part and reversed in part*
*and remanded, with directions.*