THE TOWN OF MONTEBELLO, Plaintiff and Counterdefendant-Appellant, v. A. E. "ED" LEHR, County Treasurer, et al., Defendants and Counterclaimants-Appellees.

(No. 73-225; ■■■■■■■■■■)

Third District—March 26, 1974.

DIXON, J., dissenting.

Samuel J. Naylor, of Carthage, for appellant.

Vila C. Rice, of Carthage, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Township of Montebello, situated in the County of Hancock, Illinois, brought this action in the circuit court of Hancock County against the County of Hancock and its treasurer. The complaint sought temporary and permanent injunctions preventing the treasurer from withholding funds payable from taxes collected for the benefit of the Township of Montebello, hereinafter referred to as the town. Hancock County filed a counterclaim seeking a judgment against the town in the amount of $1,140, being the amount which, according to the complaint, the treasurer was threatening to withhold and which withholding action the original complaint sought to prevent. The town moved to dismiss the counterclaim, which motion was denied by the trial court, and after the town elected to stand on its motion by declining to answer the counterclaim, the cause was considered as confessed and judgment was entered in favor of the county for the amount which it sought in its counterclaim. The town has appealed, arguing that for the several reasons set forth in its motion to dismiss the counterclaim, the judgment of the trial court is erroneous.

As may be discerned from the counterclaim and the motion to dismiss, this controversy is the result of a problem created by a constitutional amendment to the revenue article of the Constitution of 1870. Such amendment (Ill. Const. (1870), Art. IX-A) became effective January 1, 1971, and in substance provided that the personal property of individuals was no longer taxable by valuation. In accord with the constitutional mandate and implementing legislation, the personal property of individuals was not assessable during the period April 1, 1971, through June 30, 1971, the period during which township assessors were authorized to assess property for that year. In July, 1971, the Illinois Supreme Court in *Lake Shore Auto Parts Co. v. Korzen,* 49 Ill.2d 137, 273 N.E.2d 592, held the constitutional amendment (Ill. Const. (1870), Art. IX-A) violative of the United States Constitution. The immediate effect or consequence of this decision was that the personal property of individuals, which township assessors had no authority to assess during the period provided for the performance of their duties, was now considered assessable. The Board of Review of Hancock County, in recognition of the consequences of the Illinois Supreme Court decision, thereupon embarked upon a plan of assessment of the personal property of individuals by causing such property to be assessed for the year 1971 under its authority to assess omitted property. In September, 1971, the Board of Review employed I.J. Cox to assess the personal property of individuals in Montebello Township. Cox was the regularly elected assessor for the township. He had made the assessment of property in the township in his capacity of assessor as required by law during the period April 1, 1971, through June 30, 1971, such assessment not including the assessment of personal property of individuals, and had turned in his assessment records as required by law. In September, 1971, Cox completed the work of assessing the personal property of individuals and for his services was paid the sum of $1,140 by the County of Hancock. It is the amounts which the county paid Cox for assessing personal property of individuals in September, 1971, which the county sought in its counterclaim to collect from the town and which the court held the town obligated to pay.

In accord with the assessment of the personal property of individuals, taxes were levied and collected for the year 1971. However, the United States Supreme Court in *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 35 L.Ed. 2d 351, 93 S.Ct. 1001, upon further review of the decision of the Illinois Supreme Court case (*Lake Shore Auto Parts Co. v. Korzen,* 49 Ill.2d 137, 273 N.E.2d 592), held the amendment (article IX-A, Constitution of 1870) to be in accord with the provisions of the Constitution of the United States and as a consequence of such determination the decision of the Illinois Supreme Court to the contrary was

reversed. As a result of this decision the taxes collected as a consequence of the assessment of the personal property of individuals were refunded to the individual taxpayers and hence were not available for the uses of any of the county taxing bodies including the Township of Montebello.

The aforementioned facts furnish the background for the position of the town as set forth in its complaint and motion to dismiss, from which it concludes it was under no obligation to pay the costs attributable to the employment of Cox to make the September, 1971, assessment of personal property of individuals.

The county in its counterclaim alleged in the count upon which judgment was awarded against the town that the obligation of the town arose from a quasi contract. From the pleadings and arguments, it is undisputed that there is no express agreement between the parties.

On this appeal the town's objections to the court's action fall into two general categories. First, the facts are insufficient as a matter of law to establish any basis for any quasi contractual obligation. Second, the expenses for which the county sought reimbursement are not proper expenses and hence the county was not entitled to recover them from the town.

■■ Dealing with the second problem first, it is our conclusion the expenses were proper so far as section 8 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 489) is concerned. We do not agree with the town that these statutory provisions dealing with the appointment of members of the County Board of Review and the clerk thereof, together with the compensation for such officers, exclude the county from authorizing and paying for such assistants as the Board of Review may need. The statutory provision cannot be construed so as to prevent the employment of anyone other than the members of the Board of Review and its clerk to carry out the duties of the Board of Review.

Nor do we believe there is merit in the town's claim that the assessment as made by Cox was contrary to the authority vested in the Board of Review under which it undertook the assessment of omitted personal property. It is true that Cox was the town's legally elected assessor and it is also true that Cox was employed by the Board of Review to aid in the assessment. However, it does not follow that the assessment which was made was made by Cox in his official capacity as assessor. According to paragraph 6 of the counterclaim, the county alleged, "That pursuant to provisions of Para. 589 (1) of Chapter 120, Ill. R.S. (1969), the Board of Review of Hancock County, Illinois, caused the personal property of individuals in Montebello Township which had not been assessed by the Township Assessor to be assessed." We believe such

allegation which stands admitted is sufficient to justify the conclusion that even though Cox was the assessor at the time his services were rendered under the authority of the Board of Review, the resulting assessment was that of the Board and not that of the town assessor. In this connection it should be noted that the issue before us is not the validity of the assessment of omitted property but only the propriety of the payment for services rendered in connection with such assessment. No claim in fact is made that the services were not rendered by Cox or that the amounts paid for his services were unreasonable.

■■  Having determined that the charges for which the county sought recovery were properly incurred, we next turn to the question of whether the application of quasi contract principles authorizes their recovery from the town. As might be expected, the unique factual circumstances which gave rise to this controversy have no counterpart in the judicial precedents of this state. Consequently, we are required to consider the general rules relating to this type of cause of action. These rules are summarized in I.L.P. *Contracts*, sec. 5, p. 188. (See also, *City of Chicago v. Pittsburgh C., C & St. L. R.R. Co.*, 146 Ill.App. 403.) The general rule is that where there is an obligation or duty and the receipt of a benefit related to such duty, the law may imply from the circumstances or the relation of the parties a promise to pay. As has been often stated, such a promise is fictitious and arises by implication of law wholly apart from the usual rules relating to contracts. As indicated in *City of Chicago v. Pittsburg, C., C. & St. L. R.R. Co.*, 146 Ill.App. 403, where there are co-existent duties, a contract implied in law may be the basis of establishing liability of that party having the primary duty. As observed in *First National Bank of Lincolnwood v. Glenn*, 132 Ill.App.2d 322, 270 N.E.2d 493, "A contract implied in law is equitable in its nature and is one which reason and justice dictate.  *  *  *  It exists where there is a plain duty and a consideration.  *  *  *  Its essential element is the receipt of a benefit by one party which would be inequitable for that party to retain.  *  *  *"

■ ■  In applying the foregoing observations, we believe the statute imposes the primary duty of paying for the costs of assessment of personal property upon the township as a quasi-municipal corporation. (Ill. Rev. Stat. 1969, ch. 120, par. 483.2 and Ill. Rev. Stat. 1969, ch. 139, par. 124 (1)(4).) This duty is usually exercised by paying the charges, fees and expenses of the assessor who is charged in the first instance with the duty of assessing the property in his township. Where, as in this case, intervening conditions have prevented or interferred with the usual mechanism for accomplishing the assessment of property, the financial duty of the town is not extinguished because another mode of making

the assessment is required. This is not to say that the Board of Review is entitled to recover from the town for the assessment of property inadvertently omitted from the tax roles.

Notwithstanding the town's contention to the contrary, we believe the town did receive a benefit so far as equitable considerations are concerned. In this respect the question of benefit must be viewed at the time the Board of Review exercised its duty, as such duty was affected by the then existing state of the law. The assessment of property and the levy and collection of taxes is a continuing function and the various procedures must be undertaken and accomplished in an existing time frame. That later contingencies may or may not occur does not detract from the necessity of doing what was required at the time it was done. At the time the assessment of omitted personal property of individuals was undertaken by the Board of Review, *Lake Shore Auto Parts Co. v. Korzen*, 49 Ill.2d 137, 273 N.E.2d 592, announced the then prevailing law and held such property subject to assessment. That this decision was thereafter reversed and whether or not the constitutional amendment was valid at its inception is immaterial since the assessment of the property was beneficial to the town and other taxing districts at the time it was undertaken.

For the foregoing reasons, the judgment of the circuit court of Hancock County is affirmed.

Judgment affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE DIXON dissenting:

I am unable to agree with much that is said by the majority for the following reasons.

The counterclaim states, *"That the Board of Review employed I. J. Cox * * *."*

The motion to strike filed by the town alleges as grounds the following: 1. No facts are alleged showing that the Board of Review had any authority to employ I. J. Cox * * *.

In 1971 there was no statutory provision authorizing a board of review to employ any person other than the clerk. The Board of Review has only such authority as is given it by statute. (*People ex rel. Schuler v. Chapman*, 370 Ill. 430, 440; *People ex rel. Miller v. Doe*, 22 Ill.2d 211.) If the county authorized the Board of Review to employ someone, that fact should have been alleged.

The counterclaim further states, *"that I. J. Cox made the assessment."*

The motion to strike contends that the Board of Review cannot dele-

gate its duty in the matter. I agree. In *People ex rel. Cutmore v. Harding*, 333 Ill. 384, 395-396, the court said, "The statute having designated the officers for the discharge of the duty of assessment and provided for the compensation they shall receive, neither the board of assessors nor the county board has any power to enter into a contract with any other person to perform that duty." "The duties of the board of review are prescribed by statute, and the first duty enjoined upon the board is to 'assess all property subject to assessment which shall not have been assessed by the assessors.' * * * the power to list and assess omitted property is confined by law exclusively to the board of review." *Stevens v. County of Henry*, 218 Ill. 468, 475; also see *People ex rel. Shirk v. Glass*, 9 Ill.2d 302.

As a pure pleading matter, while the motion to dismiss admits all facts well pleaded in the complaint, the complaint in turn is to be appraised in the light of the principle that pleadings are construed strictly against the pleader. (*Carroll v. Caldwell*, 12 Ill.2d 487, 493.) The majority herein have assumed facts not pleaded.

The constitutional amendment involved was a self-executing enactment. When it became effective on January 1, 1971, no implementing legislation was passed or required, it simply superceded all sections of the Revenue Act which provided otherwise. The action herein was taken by virtue of those statutes. The general rule is that an unconstitutional statute is void *ab initio* (in this case from January 1, 1971), ineffective for any purpose since unconstitutionality dates from the time of the enactment and not merely from the date of the decision so branding it. It affords no protection and justifies no acts performed under it. 16 Am. Jur. 2d *Constitutional Law* sec. 177, 178; 11 I.L.P. *Constitutional Law* sec. 71; 34 I.L.P. *Statutes* sec. 14.

It is general knowledge that millions of dollars were collected illegally in this State and refunded in toto after the decision of the United States Supreme Court. No one has had the temerity to suggest that a refund was improper because some spirit of life was breathed into the statutes from the date of the Illinois Supreme Court decision until the date of the United States Supreme Court decision. In that aspect the statutes involved were void *ab initio*. Why not here?

I will concede that there are exceptions to the general rule. For example the members of the board of review would not likely be held personally responsible for the action taken herein even though it ultimately proved to be worthless. I have found no exception to the general rule which allows a recovery as in this case.

Further, money paid under an unconstitutional or void statute is deemed to have been paid under a mistake of law and is not recover-

able. In *Village of Morgan Park v. Knopf*, 199 Ill. 444, 446, the court said, "There was no fraud or mistake of fact and if there was any mistake it was one of law, and the money having been voluntarily paid under such circumstances, no action would lie to recover it back. This rule, which is well settled as between individuals, has been extended to municipal corporations under similar circumstances. *People v. Foster*, 133 Ill. 496."

If there ever was any financial benefit derived from the illegal collection of taxes as a result of the illegal assessment that benefit went to the county which held the money in an interest-bearing account from the time collected in 1972 until after the United States Supreme Court decision in 1973. See Ill. Rev. Stat., 1972 Supp., ch. 120, par. 676.01.