GRIFFITH WRECKING COMPANY, INC., Plaintiff, *v.* RICK GREMINGER, Defendant and Third-Party Plaintiff-Counterdefendant-Appellee.—(THE CITY OF SPRINGFIELD, Third-Party Defendant and Counterplaintiff-Appellant.)

Fourth District   No. 15021

Opinion filed November 28, 1978.

Thomas P. Schanzle-Haskins, Assistant Corporation Counsel, of Springfield, for appellant.

Robert Weiner and Terry L. Fields, both of Springfield, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the duty of an owner of a building destroyed by fire to reimburse the city in which the building is located for the cost of emergency demolition work performed by the city while the city was searching for human bodies that might have been buried in the rubble. The city asserts that the owner was required by law to demolish the

building for reasons of public safety and that when it did the work for him, it was entitled to recover upon an implied contract theory. The owner maintains that he was not liable. After a bench trial, the circuit court found for the owner.

Plaintiff Griffith Wrecking Company, Inc., began the litigation by suing the owner, defendant third-party plaintiff counterdefendant Rick Greminger in the circuit court of Sangamon County for the total amount of work performed by plaintiff in demolishing the building. Defendant Greminger admitted liability for the portion of the claim which represented work done by plaintiff at Greminger's express request after Greminger had received notice from third-party defendant counter-plaintiff city of Springfield to demolish the remains of the building. That portion of the dispute is not before us on appeal.

Greminger filed a third-party complaint against the city for a declaratory judgment, seeking a determination as to his responsibility and that of the city to pay the portion of the bill covering four days of work done by plaintiff at city's request on the day of the fire and at a time when a search was being conducted for the bodies of two unaccounted-for inhabitants of the building. A counterclaim to the third party complaint was then filed by the city against Greminger, seeking recovery by it for money paid by the city to plaintiff covering this portion of plaintiff's work. The appeal is from the order of the trial court determining Greminger not liable to the city and thus placing the full responsibility for the four days work upon the city.

The evidence showed the Greminger building to have been destroyed by fire on March 22, 1977. David M. Tyner, director of the city's building and zoning department, testified that on that date he viewed the burned premises and after consulting with the city's fire chief, determined "that portions of the building needed to be demolished immediately." He then contacted plaintiff to perform some partial demolition. It is not disputed that, at the time, the fire department wished to search for bodies in the rubble and that this search continued through the four days. Tyner stated that the body search was not the main reason for the demolition work but conceded that some demolition had to be done in order for the body search to proceed safely.

On the other hand, John Griffith, plaintiff's president, described his directions from the Springfield Fire Department as follows:

> "Fire Department called and asked me to look for some bodies, to tear the building down. Unsafe building."

The following question and answer were part of Griffith's cross-examination:

> "Q And in order to get into those premises, you had to do what is required of you to search for dead bodies, didn't you?
> A That was the main issue."

Griffith also testified that his company's bill for the four days' work was $7,633.86 and that $2,033.86 was occasioned by work involved in looking for bodies and that the balance was attributable to demolition.

City of Springfield contends that Greminger, as the landowner, was under a statutory and municipal ordinance obligation to demolish the burned building and that to the extent that it discharged that duty for him, it is entitled to be reimbursed because he would otherwise be unjustly enriched. (*First National Bank v. Glenn* (1971), 132 Ill. App. 2d 322, 270 N.E.2d 493; *Town of Montebello v. Lehr* (1974), 17 Ill. App. 3d 1017, 309 N.E.2d 231.) Greminger does not dispute his duty to demolish and had agreed that he was liable for the demolition done at his request. However, the substance of one of his contentions is that the principal purpose for the demolition during the first four days was finding the bodies. He correctly asserts that this was the responsibility of the city.

> "A person who, incidentally to the performance of his own duty or to the protection or the improvement of his own things, has conferred a benefit upon another, is not thereby entitled to contribution." Restatement of Restitution §106 (1937).

In *United States v. Pacific R.R. Co.* (1887), 120 U.S. 220, 30 L. Ed. 634, 7 S. Ct. 490, recovery was denied to the Federal Government which had built a railroad bridge because of military necessity even though the bridge benefited the railroad. The same rule denying recovery was applied in *Ulmer v. Farnsworth* (1888), 80 Me. 500, 15 Atl. 65, where the plaintiff's draining of its own quarry had also drained and benefited that of the defendant.

Here, if the city hired Griffith Wrecking Company primarily to aid in the search for dead bodies, it was not entitled to recover from Greminger, the landowner, for the incidental benefit he received by being relieved of the responsibility to tear down the building. It is clear from the evidence that some of plaintiff's work performed in the first four days consisted of moving debris so that bodies could be found and that other of the work involved temporary safety measures so that firemen could work safely. We conclude that the evidence of the purpose of Griffith's work during the four days is uncertain enough that the trial judge could have concluded that the principal reason for the work was the removal of bodies. If this was so, counterplaintiff city of Springfield was not entitled to recover. The trial court's decision denying recovery was not contrary to the manifest weight of the evidence.

We affirm.

Affirmed.

MILLS and REARDON, JJ., concur.