ANNA M. SCHULER

*v.*

DAVID A. SCHULER.

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. VARIANCE—*objection of variance must be made below.* An objection of a variance between the judgment described in a declaration in an action of debt and the transcript of the judgment offered in evidence is waived, on appeal, when not urged below, where the variance might have been obviated by amendment.

2. JUDGMENTS AND DECREES—*action lies in Illinois on foreign judgment for penalty.* A money judgment by a court of a foreign State, having jurisdiction, for a penalty under a penal statute of such State, is entitled to full faith and credit in Illinois, and an action of debt may be maintained thereon in our courts.

3. LIMITATIONS—*application of statute where judgment is for installments of money.* A foreign judgment for payment of money in installments, at fixed periods, is not barred in Illinois except as to installments which have fallen due, by the terms of the judgment, more than five years prior to the beginning of the suit, notwithstanding the judgment is more than five years old.

*Schuler* v. *Schuler*, 104 Ill. App. 463, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the circuit court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding.

W. R. MOORE, for plaintiff in error.

WILLIAM A. MEESE, and M. J. McENIRY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an action in debt brought by the plaintiff in error, against the defendant in error, in the circuit court of Rock Island county. The declaration contained two counts, in substance the same, the charge in each count being, that the plaintiff, at the May term, in the year 1893, of the court of oyer and terminer and general jail delivery and quarter sessions of the peace for the county of Philadelphia, in the State of Pennsylvania, to-wit, on the 14th day of June in the same year, by the consideration and judgment of the same court, recovered against defendant in a certain action of desertion the sum of $5 per week for her support as the wife of said defendant, and also the cost of the plaintiff in behalf whereof the defendant was convicted, as by the record thereof remaining in the same court more fully appears, which said judgment still remains in full force, and the plaintiff hath not obtained any satisfaction of or upon said judgment for the said several sums of money so adjudged as aforesaid, or any part thereof. A demurrer filed to the declaration was overruled. Thereupon the defendant in error filed two pleas. The first plea averred that the several supposed causes of action in the said declaration mentioned did not, nor did any or either of them, accrue to the plaintiff at any time within five years next before the commencement of this suit, and invoked the bar of the Statute of Limitations. The second plea alleged

that in 1892 a decree was entered in the court of common pleas in the county of Clark, in the State of Ohio, dissolving, annulling and setting aside the marriage tie which theretofore existed between the plaintiff and the defendant, and averred that at the time of the rendition of the alleged judgment in the State of Pennsylvania the marriage tie had been dissolved by the force and effect of the decree of divorce in the State of Ohio. This plea did not aver that the court of common pleas in Clark county, in the State of Ohio, had in any way obtained jurisdiction over the person of the wife, and for that reason a demurrer which was interposed to the plea was properly sustained. Afterwards the defendant in error filed a third plea, which averred that "there is not any record of the supposed recovery in the said declaration mentioned remaining in the said court of the quarter sessions, etc., in the city and county of Philadelphia, in the State of Pennsylvania, in manner and form as the plaintiff has above in her said declaration alleged," being a plea of *nul tiel* record.

The cause was submitted to the court without the intervention of a jury. On the hearing the plaintiff in error offered in evidence a transcript of a judgment rendered in the court of oyer and terminer and general jail delivery and quarter sessions of the peace for the county of Philadelphia, in the State of Pennsylvania, on the 14th day of June, 1893. This transcript recited that in a proceeding entitled *Commonwealth of Pennsylvania* v. *Schuler*, on the 24th day of April, 1893, on an affidavit filed by the plaintiff in error charging the defendant in error, her husband, with deserting her, a warrant was issued requiring the defendant in error to give bail for his appearance to answer at the succeeding term of the said court of oyer and terminer, and that in the said cause the following order was afterwards entered: "And now, June 14, A. D. 1893, the court having heard the parties in the above case, their proofs and allegations, order

and decree that the said defendant, David A. Schuler, pay the sum of $5 per week for the support of his wife, Anna M. Schuler, from the 14th day of June, A. D. 1893, and give security, by one or more sureties, to the commonwealth in the sum of $2500 for the faithful performance of this order, pay the costs, and stand committed till the order is complied with." This transcript was received in evidence without objection. Judgment was entered in favor of the plaintiff in error, against the defendant in error, in the sum of $1275, being for the installments of $5 per week decreed by the said court of oyer and terminer, etc.; in Pennsylvania, to be paid to her by the defendant in error, falling due within the period of five years next preceding the institution of this action in the circuit court of Rock Island county, less $25 which it appeared from the proofs the defendant in error had paid to the plaintiff in error within the said period of five years. On appeal to the Appellate Court for the Second District the judgment was reversed without remandment, and this writ of error was sued out to obtain a review of the said judgment entered in the Appellate Court.

The questions presented by this record arise out of the contentions of the defendant in error, as follows: First, that there was a variance between the judgment or decree declared upon in the declaration and that shown by the transcript of the proceeding in the court in Pennsylvania introduced in evidence; second, that the proceeding in the Pennsylvania court was of a criminal, *quasi* criminal or penal character, or, at least, of that character the duty or obligation whereof has validity only within the territorial limits of the jurisdiction wherein the judgment or decree was rendered, and hence not actionable in the State of Illinois; third, that the judgment having been rendered more than five years before the institution of suit thereon, the action was barred under section 15 of chapter 83, entitled "Limitations,"

as construed by this court in *Bemis* v. *Stanley,* 93 Ill. 230, and other cases.   Neither of these contentions is well advanced.

*First*—No objection was interposed to the reception of the transcript of the proceedings in the court of oyer and terminer, etc., in the State of Pennsylvania.   The declaration described the judgment sued upon as one rendered in favor of the plaintiff in error.   The judgment shown by the transcript was entered in a cause styled *Commonwealth of Pennsylvania* v. *Schuler,* but it ordered or decreed the payment of $5 per week by the defendant in error to the plaintiff in error.   The plaintiff in error was the beneficial plaintiff in the proceeding and also in the judgment entered in the court in Pennsylvania.   The commonwealth of Pennsylvania was a nominal plaintiff, only.   Had objection been made to the introduction of the transcript and the alleged variance been pointed out and particularized, it could have been obviated by an amendment of the declaration.   The defendant in error having permitted the transcript to be received in evidence without objection in the trial court, and not having made such variance the basis of a motion to exclude the proof, cannot be allowed to urge for the first time in a court of review the question of the variance between the description of the judgment in the transcript and the description of the judgment in the declaration.   (22 Ency. of Pl. & Pr. 634, and many cases decided in this court cited in note 1.)

*Second*—The provision of the constitution of the United States which requires that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, does not require a State to enforce the penal laws or the local police regulations of another State.   But where a court of a sister State, having jurisdiction of the persons and of the subject matter, has taken cognizance and rendered

judgment in a sum of money for the penalty prescribed or amount provided for under such a statute, the judgment so rendered is entitled to full faith and credit in every other State. (2 Black on Judgments,—2d ed.—870, 871.) An action in debt may be maintained in this State to recover judgment on a decree for alimony rendered in a sister State. *Dow* v. *Blake*, 148 Ill. 76.

*Third*—The action was not barred as to such of the weekly payments as, under the terms of the order or judgment of the court in Pennsylvania, fell due within five years next preceding the beginning of this suit in Illinois. The adjudication in Pennsylvania occurred more than five years prior to the institution of this action in Illinois. An action on the judgment of a sister State is barred, under our Statute of Limitations, after the expiration of five years from the time when the right of action accrued; but where, as here, the judgment is for the payment of money in installments, at fixed periods, a right of action accrues on each installment only when the same has fallen due and become payable according to the terms of the judgment. In such cases the Statute of Limitations begins to run on each installment only from the time the same so becomes payable. (Wood on Limitations,—3d ed.—sec. 151.) This principle was applied in *Catholic Bishop of Chicago* v. *Bauer*, 62 Ill. 188, *Freeman* v. *Freeman*, 65 id. 106, and *O'Brien* v. *Sexton*, 140 id. 517.

The proceedings in the circuit court were free from error. The judgment of the Appellate Court must be and is reversed and the judgment of the circuit court will be affirmed, the defendant in error to pay the costs.

*Judgment reversed.*