## Marshall E. Daniel et al., Appellants, v. R. G. Allen, Appellee.

DAMAGES—*when new trial awarded for inadequacy.* Where actual damages are clearly proved by the evidence with such definiteness as to furnish a reasonably certain measure, the court should grant a new trial if the amount awarded by the jury is manifestly inadequate.

Assumpsit. Appeal from the Circuit Court of Hamilton county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

THOMAS & ANDERSON, for appellants.

ISAAC H. WEBB and J. H. LANE, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of *assumpsit* in the Circuit Court of Hamilton county, by appellants against appellee, to recover damages for breach of a contract entered into between appellants and appellee concerning the sale and conveyance of certain real estate. Trial by jury. Verdict and judgment in favor of appellants for $100. Appellants being dissatisfied with the amount of the verdict and judgment, bring the case to this court by appeal.

The agreement sued on is as follows:

"This agreement made and entered into this 9th day of May, A. D. 1907, between R. G. Allen, party of the first part and Daniel & Bowen, of McLeansboro, Illinois, parties of the second part, witnesseth: That for and in consideration of one dollar in hand paid by said parties of the second part to said party of the first part, the receipt of which is hereby acknowledged, the said party of the first part do hereby covenant and agree to convey in fee simple, clear of all encumbrance (except a mortgage of $1,800 in favor of J. H. Wilson, McLeansboro, Ill.) to said second parties or their assigns or to any person or persons said second parties may elect by a good and sufficient warranty deed, including the release of homestead and dower, the following described real estate, situated in the county of Hamilton and State of Illinois, to-wit: E. pt. NE. Qr. Sec. 4, Town 5 Range 6 East of 3rd P. M., containing 114 72-100 acres, provided the said second parties may elect or shall pay or cause to be paid to said first party a consideration of $3,650, less the mortgage aforesaid, within twelve months of this date, otherwise this contract shall become null and void. It is further agreed by and between the parties hereto that the first party agree to furnish said second parties at his own expense an Abstract of Title from the United States down to the date, within 30 days from date of this sale.

R. G. ALLEN, [SEAL.]"

The evidence produced upon the trial of the case in the Circuit Court clearly proves appellants' right to recover, and it conclusively proves the amount of their recoverable damages to be very greatly in excess of the amount of the verdict and judgment.

Counsel for appellee state that "the amount of damages appellants are entitled to, is a question solely for the jury to say." Their contention, in effect, is that a court has no power to set aside a verdict and grant a new trial on the ground of inadequacy of the amount of damages assessed by a jury in their verdict.

The law in this state is: Where actual damages are clearly proved by the evidence, with such definiteness as to furnish a reasonably certain measure, the court should grant a new trial if the amount awarded by the jury is manifestly inadequate.

The judgment of the Circuit Court is reversed and the case remanded. .

*Reversed and remanded.*