# Nicholas J. Rauen, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 22,441.

1. STREET RAILROADS, § 144*—*when instruction on anticipation of negligence by automobile driver is not reversibly erroneous.* In an action to recover for damages to an automobile caused by a collision with a street car, where an instruction was given stating that individuals were not obliged to anticipate negligence in others and govern their movements by such rule, that plaintiff had the right to assume that in propelling the cars the defendant would act with reasonable care and that action by the plaintiff upon that assumption was not a failure to exercise due care on his part, and defendant contended that plaintiff had no right to rely upon any such assumption in view of his admission that he proceeded into a position of danger after becoming aware of the proximity of the car, *held* that, as the evidence tended to show that when plaintiff first saw the car he endeavored to avoid a collision, and in view of all the circumstances, it could not be said that he negligently proceeded into a position of danger with full knowledge of its existence relying upon such presumption, and that, although the instruction was somewhat inaccurate, its giving constituted only harmless error.

2. DAMAGES, § 236*—*who may take advantage of compromise of verdict.* In an action for damages to an automobile caused by a collision with a street car, where the defendant claimed that the jury compromised the question of damages by reducing them from $556.21, as shown by the undisputed evidence, to $390, *held* that such discrepancy could be taken advantage of only by the injured party.

3. STREET RAILROADS, § 131*—*when evidence is sufficient to sustain verdict for plaintiff in action for damage to automobile by collision.* In an action to recover for damage to an automobile, sustained in a collision with defendant's car at a street crossing, where the car was proceeding north and the automobile west, and both east corners were occupied by buildings which came out to the building line, and plaintiff claimed that he reduced his speed to about twelve miles an hour, and as he approached the tracks he was on the alert for cars, that as he cleared the building line he saw a northbound car about one hundred and fifty to two hundred

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

feet to the south of the intersection, approaching at an estimated speed of about twenty-five to forty miles an hour, and then applied his brakes and, realizing that he could not "make it," suddenly turned his automobile north, which caused it to skid into the path of the street car, and the testimony as to the speed of the car was contradictory, *held* that the verdict in favor of plaintiff was not manifestly against the weight of the evidence.

4.  STREET RAILROADS, § 113*—*when evidence as to ringing of bell is competent as bearing on contributory negligence of automobile driver*. In an action to recover for damage to an automobile sustained in a collision with defendant's car at a street crossing, where the car was proceeding north and the automobile west, both east corners were occupied by buildings which came out to the building line, and plaintiff claimed that he reduced the speed to about twelve miles an hour, and as he approached the tracks he was on the alert for cars, and as he cleared the building line he saw a northbound car about one hundred and fifty to two hundred feet to the south of the intersection approaching at an estimated speed of about twenty-five to forty miles an hour, then applied his brakes, and, realizing that he could not "make it," suddenly turned his automobile north, which caused it to skid into the path of the street car, and defendant claimed that the evidence as to the ringing of the bell was immaterial for the reason that plaintiff was aware of the approach of the car, *held* that such testimony was competent as bearing on the question whether plaintiff, having failed to hear any warning as he approached the crossing, was negligent in increasing his speed preparatory to crossing the tracks.

Appeal from the County Court of Cook county; the Hon. H. B. EATON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 1, 1917.

EDWARD C. STEARNS and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MECHEM, BANGS & HARPER, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

By this appeal it is sought to reverse a judgment entered in favor of appellee for damages to his auto-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCV 30

mobile received in a collision with one of appellant's cars. The negligence charged is that appellant operated its car in a negligent manner. Hereinafter we shall designate appellee and appellant as plaintiff and defendant, respectively.

The mishap complained of occurred on the evening of January 28, 1913, after dark, at the intersection of Ashland and Wabansia avenues, in the city of Chicago.

Ashland avenue runs north and south. Defendant's tracks occupy the center of the thoroughfare, its northbound cars being operated on the east track, and the southbound on the west track. Wabansia avenue runs east and west, crossing Ashland avenue at right angles. Both corners on the east side of Ashland avenue, as well as the adjoining lots to the north and south thereof, are occupied by buildings fronting on Ashland avenue, which extend to the building or lot line.

Plaintiff's automobile was moving in a westerly direction on Wabansia avenue. His testimony tends to show that as he neared Ashland avenue he reduced the speed of his automobile to about eight or nine miles per hour; that, hearing no warning of an approaching street car, he increased his speed to about twelve miles per hour; that as he approached nearer the tracks he was constantly on the alert, looking both to the north and south; that as he cleared the building line, he looked to the left and observed a northbound car about one hundred and fifty to two hundred feet south of the intersection, approaching at a speed estimated by him at about forty miles per hour; that he applied his brakes, which appeared to be working properly, and realizing that he could not "make it" he suddenly turned his automobile north in Ashland avenue, which caused it to swerve or skid into the path of defendant's car.

Four witnesses testified as to the probable speed of defendant's car just prior to the collision. According to the version of defendant's witnesses—the motorman and conductor in charge of the car in question—it was proceeding at the rate of from eight to ten miles per hour, while the testimony given on behalf of plaintiff would tend to show that it was going at the rate of from twenty-five to forty miles per hour.

Defendant contends that the court erred in admitting evidence on the question whether or not, just prior to the impact, a bell was sounded on defendant's car. It is argued that plaintiff having testified that he saw the car when it was one hundred and fifty to two hundred feet south of the intersection, he was evidently aware of its approach,. and hence it was immaterial whether the bell was rung or not.

It will be noted from plaintiff's testimony that when he neared Ashland avenue and slackened the speed of his automobile, his view of Ashland avenue was obstructed by buildings, so he listened for the sound of an approaching car. If, as testified, he failed to hear such warning, it was for the jury to determine whether he was negligent in increasing his speed preparatory to crossing the tracks. Clearly, therefore, the evidence complained of was competent as bearing on this question.

It is also urged that the court erred in giving the following instruction on behalf of the plaintiff:

"The jury are instructed that individuals are not obliged to anticipate negligence in others and govern their movements by such rule. Applying the law to this case the plaintiff had a right to assume that in propelling its cars the defendant would act with reasonable care and it was not a failure on the part of the plaintiff to exercise due care, for him to act upon that assumption."

In support thereof, defendant argues that plaintiff, by his own testimony, admitted having proceeded into

a position of danger after becoming aware of the proximity of this rapidly-moving car, and hence he had no right to rely upon the foregoing presumption. Particular stress is laid upon the following testimony given by plaintiff.

"Q. If you were running that machine with those new tires, and all, your brakes in good condition and with your experience, the number of years in running a car, suppose you were going ten or twelve miles an hour; with all this experience you have had, what is the shortest distance you could stop that car, applying your emergency? A. I would be able to stop it in five or six feet."

This testimony does not purport to have any reference to the time and place in question, or the then condition of the street, nor was plaintiff required to stop his car within the shortest possible distance. The evidence tends to show that when plaintiff first saw defendant's car he applied his brakes; that, realizing the futility of attempting to either stop his automobile or to cross the track ahead of defendant's car, he turned north into Ashland avenue to avert a disaster which seemed imminent. Under such circumstances, it cannot be said that plaintiff negligently proceeded into a position of danger with full knowledge of its existence, relying upon the foregoing presumption. Although the instruction complained of was somewhat inaccurately drawn, yet in view of the evidence we are of the opinion that the giving thereof constituted only harmless error.

The jury may reasonably have concluded that defendant was operating its car at a negligent rate of speed; that defendant's motorman failed to sound the bell, which omission caused plaintiff to accelerate his automobile after he had retarded its speed and listened for the sound of an approaching car; that when he saw defendant's car moving along at a high rate of speed, it was too late to stop his automobile; and

that he made a sharp turn into Ashland avenue to avert a collision.

After a most careful examination of the record and due consideration of all the evidence contained therein, we cannot say that the verdict was clearly and manifestly against the weight of the evidence.

Finally it is complained that in arriving at their verdict the jury compromised the question of damages by reducing them from $566.21, as shown by the undisputed evidence, to $390. Such discrepancy can be taken advantage of only by the injured party.    38 Cyc. 1904.

Finding no error in the record which justifies a reversal, the judgment will be affirmed.

*Affirmed.*