C. H. Jenkins, Appellant, v. Louis Gerber and James Maughan, Defendants. James Maughan, Appellee.

Gen. No. 9,617.

Opinion filed February 28, 1949. Released for publication March 28, 1949.

HERBERT L. CANTRILL, of Springfield, for appellant.

EARL S. HODGES, of Springfield, for appellee; MAURICE W. KEPNER, of Springfield, of counsel.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

Plaintiff appellant, C. H. Jenkins, brought this action against the defendant appellee, James Maughan, to recover damages occasioned by the alleged negligence of the defendant in driving his truck against a building owned by the plaintiff. The court appointed a guardian *ad litem* to represent the defendant, he being a minor. The defendant's answer denied all material allegations of the complaint. Louis Gerber was first named as a codefendant but the suit was dismissed as to him.

At the conclusion of all of the evidence the court, on motion of the plaintiff, directed the jury to find the defendant guilty. The motion made no request as to the amount of the verdict and the court made no direction as to the amount. Thereupon the jury returned a verdict finding the defendant guilty and assessing plaintiff's damages at $200. Plaintiff then moved for a new trial on the ground that the uncontradicted evi-

dence showed his damages were $527.16, and that the verdict was against the manifest weight of the evidence. The court denied such motion and entered judgment for the plaintiff and against the defendant for $200. Plaintiff appeals, his sole contention being that the verdict is against the manifest weight of the evidence and that therefore the court erred in denying his motion for a new trial.

The defendant made no motion for a new trial and does not here contend that the court erred in allowing such motion for a directed verdict. Therefore we do not consider it necessary or useful to review or discuss the facts bearing on the question of the defendant's liability for actionable negligence.

In repairing the building the plaintiff did not have it restored to its original condition, but remodeled it slightly,—as he had a right to do.

The extent of the injury to the building was not contested. A building contractor of long experience and who did the remodeling testified that he was familiar with the building, that before the accident it was in good condition, that two or three days after the accident he examined the building and that in his opinion the fair, reasonable and ordinary cost of restoring the building to its condition before the accident was $527.16. This was the only evidence showing or tending to show the amount of actual damages.

Where the testimony of a witness is uncontradicted, either by positive testimony or circumstances, and is not inherently improbable, it cannot be rejected. (*Kelly v. Jones*, 290 Ill. 375, 378.)

In the present case the testimony of such contractor, and the testimony as to the extent of the injury to the building, were not contradicted in any way, and were not in any way inherently improbable.

The damages allowed cannot be supported by any theory advanced by either party. It is not possible to know from the record how the jury arrived

at that figure. Perhaps they felt sorry for the young defendant, or perhaps they thought that the plaintiff should not recover in spite of the direction of the court. Such a verdict as this is neither for the plaintiff nor the defendant. It is merely the result of a compromise or capriciousness on the jury's part; and, in such case, it will not be allowed to stand. (*Daniel v. Allen,* 149 Ill. App. 351; *Selamakos v. Victory Ice & Ice Cream Co.,* 246 Ill. App. 178.)

■ Defendant contends that inasmuch as the plaintiff in moving for a directed verdict did not request that the jury be directed to find as to any particular amount, the plaintiff is now estopped from claiming that the verdict is against the manifest weight of the evidence. In our opinion there is no merit to this contention.

It is our opinion that the court erred in denying the motion for a new trial.

The judgment of the trial court is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*