Martha Mueller, Plaintiff-Appellee, v. John J. Mueller, Defendant-Appellant.

Gen. No. 48,622.

First District, First Division.

July 9, 1962.

Rehearing denied July 26, 1962.

Frederick J. Bertram, of Chicago, for appellant.

David R. Mandell, of Berwyn, and Harry G. Fins, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant has appealed from a judgment entered against him on petition of plaintiff based upon alimony arrearages accumulated over a period of almost twenty years. The judgment was for $4620, representing a total accrual of $5095 at $5 per week, less payments of $475 which had been made by defendant.

The divorce decree was entered September 8, 1941 after hearing on complaint and answer, defendant's appearance having been entered by his attorney.

On May 31, 1961 plaintiff filed her verified petition praying judgment for unpaid alimony, and sent notice

by certified mail to defendant, who had been living in California since 1949. Defendant filed a document described by him as a special and limited appearance for the purpose of questioning the jurisdiction of the court over his person. He also moved to dismiss the petition on the ground that no summons had been served upon him and that the court, therefore, lacked jurisdiction, and on the further ground that the decretal provisions for alimony were barred by the Illinois statute of limitations.

No testimony was offered by either party. After full hearings, defendant's motion to dismiss was denied, and judgment was entered on the petition.

Defendant raises the same two points on appeal, contending primarily that he was not in court because no summons had been served on him in connection with the petition.

■ It is our opinion that the Superior Court acquired jurisdiction over the person of defendant with the filing of his appearance in the original divorce action, and never lost jurisdiction so far as concerns the enforcing of its alimony decree. (Ill Rev Stats c 40, § 19; c 22, § 42; Condy v. Condy, 328 Ill App 8, 14, 65 NE2d 219.)

■ Supplemental proceedings by petition and notice are proper practice for the enforcement of an alimony decree, and the manner of serving such notice is prescribed by Supreme Court Rule 7 which was fully complied with in this case. (De La Cour v. De La Cour, 363 Ill 545, 2 NE2d 896.)

■ Not necessary to the conclusion just stated, but pertinent, nevertheless, is the valid point that by raising the defense of the statute of limitations defendant has, in effect, converted his special appearance to a general appearance. By so doing, he would have submitted himself to the jurisdiction of the court had he not already been subject thereto. (See Ill Rev Stats

307

c 110, § 20, the 1955 revision of which codified the earlier case law on this point.)

Defendant also contends that all alimony instalments accruing more than five years prior to the filing of plaintiff's petition are barred by the statute of limitations contained in Chapter 83, Paragraph 16. In support he cites Light v. Light, 12 Ill2d 502, 506, 147 NE2d 34 and Schuler v. Schuler, 209 Ill 522, 71 NE 16. Both of these decisions recognize the applicability of the five-year statute, but they were concerned with foreign judgments to which the five-year statute has long been held to apply. In the Light case the action was brought under the Uniform Enforcement of Foreign Judgments Act into which the five-year limitation statute has been specifically incorporated (Ill Rev Stats c 77, § 89). These cases, therefore, are not controlling here.

■ ■ Furthermore, we have held repeatedly that the twenty-year statute is the limitation which applies to alimony enforcement petitions. (Ill Rev Stats c 83, § 24b; Felton v. Felton, 326 Ill App 444, 448, 62 NE2d 39; Wadler v. Wadler, 325 Ill App 83, 93, 59 NE2d 505. See also Snip v. Snip, 35 Ill App2d 427, 183 NE2d 175.) Since the petition was filed within twenty years of the decree, none of the delinquent instalments is barred.

■ ■ Defendant argues, finally, that plaintiff's petition is fatally defective because it does not allege that she remains unmarried, and the decree provided for alimony only on that condition. This point was not raised in the trial court. There is nothing in the record to indicate that plaintiff has remarried, and we, therefore, believe that the absence of the allegation does not impair the judgment. In this regard, we took with the case a motion of plaintiff for leave to file a verified amendment to her petition, alleging that she remains unmarried. While this motion is, we believe, appropriately made in this court, it is not neces-

sary, under all the circumstances, to the conclusion which we have reached. (Ill Rev Stats c 110, § 92(1)(a); Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE 2d 201; Bremer v. Bremer, 4 Ill2d 190, 192, 122 NE2d 794.)

The judgment of the Superior Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.