Mary Ann Shaw, Plaintiff-Appellant, v. Ernest F. Blessman and Harold E. Berry, d/b/a Blessman & Berry, Schmidt-Doty Motors, Inc., Ray Eutsey, Sheriff of LaSalle County, Illinois, and Marion Mitchell, Defendants-Appellees.

Gen. No. 65–58.

Third District.

January 27, 1966.

Perona and Perona, of Spring Valley, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, and Berry & O'Conor, of Streator, for Sheriff Ray Eutsey, appellee. Thomas R. Flood, of Streator, for Ernest F. Blessman and Harold E. Berry, d/b/a Blessman & Berry, appellees.

STOUDER, J.
Appellant, Mary Ann Shaw, commenced this action against Ernest F. Blessman and Harold E. Berry, d/b/a

Blessman & Berry, Ray Eutsey, Sheriff of LaSalle County, Illinois and Marion Mitchell for damages resulting from the use of appellant's trailer. The cause was heard by the court without a jury. At the close of appellant's evidence, on motion of Sheriff Ray Eutsey, the complaint was dismissed as to him and thereafter judgment was entered in favor of Sheriff Eutsey and against appellant. At the close of all the evidence, judgment was entered in favor of appellant and against Ernest F. Blessman and Harold E. Berry, d/b/a Blessman & Berry, and Marion Mitchell in the amount of $450. Appellant appeals from each of these judgments.

It appears from the evidence, that prior to July 1, 1959, appellant was the owner of a tractor-trailer unit used for the transportation of freight. On that date appellant and her husband decided to sell the tractor-trailer unit and appellant's husband delivered the unit to Marion Mitchell, a friend and mechanic, for the purpose of enabling Mitchell to sell the unit, the selling price being $2,200. In October of 1959, an employee of Blessman & Berry had conversations with Mitchell concerning the latter's help in a levy of execution by Sheriff Eutsey upon a judgment of Blessman & Berry against Schmidt-Doty Motors. On October 21, 1959, Mitchell used the truck and trailer of appellant to pick up the parts under the levy and transport the same to the LaSalle County jail leaving the trailer and parts at the jail in the apparent belief that the parts would be stored in the trailer temporarily. Although Mitchell was paid for his services nothing was said about payment for the use of the trailer for storage purposes. In December of 1959, appellant's husband, having learned that the trailer was at the jail, called Mitchell who admitted that it was there but stated that Sheriff Ray Eutsey had agreed to pay $30 per day for rental of the trailer. It does not appear from the record that any conversation between Mitchell and Ray Eutsey concerning rental of the trailer in fact took place. Both Blessman

& Berry and Sheriff Eutsey dealt with Mitchell in the belief that he was the owner of the trailer and did not become aware that appellant owned the trailer until June, 1960. In June, 1960, after discussing the matter with his attorney, appellant's husband went to the jail and hauled the trailer to DePue, Illinois. On the following day appellant's husband was arrested for taking the trailer and spent two or three days in the LaSalle County jail. While appellant's husband was in jail Sheriff Eutsey first became aware that appellant owned the trailer. In reply to a question by appellant's husband as to whether or not he was entitled to rent for the trailer, the Sheriff responded that every man is entitled to a reasonable rental for his equipment and indicated that he would help Shaw get the rent. Also at this time, the trailer and parts having been returned to the jail, the Sheriff offered to unload the trailer and return it to appellant's husband which offer was declined. As a result of the foregoing incident, Blessman & Berry became aware of appellant's ownership of the trailer but neither appellant nor her husband did anything more about the trailer or had any conversations with Blessman & Berry, or anyone acting for them, about the rental of the trailer.

The Sheriff's execution sale of the parts stored in the trailer, did not take place until September 21, 1961, the delay being occasioned by an intervening trial of right of property action. After the sale, appellant was notified that the trailer could be picked up and it was returned to appellant in October, 1961. Appellant stored material in the trailer for a few months and then sold it for $200.

Stuart Halm, Vice President of H. J. Tobler Transfer, Inc., testified that he was familiar with the leasing and rental of trailers such as the one owned by appellant and expressed his opinion that the reasonable rental of the trailer would be $150 per month or approximately $5 per day. As a reason for his opinion Halm stated that his company had and would rent such a trailer to con-

245

tractors for storage purposes for short periods of time at such rental. He also stated the fact that the trailer had a hole in its roof, or that its sides were rusted, would make no difference.

S. V. Osman, testifying on behalf of appellees, stated that he worked for Sherer Freight Lines and that he had inspected the trailer in question on July 28, 1961. He described the condition of the trailer at that time, indicating it was not in condition to be used on the road. He expressed his opinion that the value of the trailer at that time was $300 and that it would cost approximately $435 to restore it to operating condition and offered the opinion that if the defects were corrected, the trailer would be worth between $700 and $800. This witness, not being familiar with the rental of trailers, expressed no opinion on rental value.

Appellant filed her complaint in four counts. The first two sounded in trover and conversion, the third alleged an express contract and the fourth claimed a quasi contract. The factual allegations in each count were substantially the same. The trial court in its judgment in favor of plaintiff did not specify which theory of recovery it adopted. The facts giving rise to the dispute are not substantially in conflict, the issue of damages being the main area of controversy.

Appellant contends that the measure of damages, on her various theories of recovery, should be the same, namely the reasonable rental value of the trailer. She further contends that the judgment of the court below is inadequate and therefore erroneous because from the judgment it can only be concluded that the court applied an incorrect measure of damages.

Appellant relies on Alley v. McCabe, 147 Ill 410, 418, 35 NE 615, and Fruehauf Trailer Co. v. Lydick, 325 Ill App 28, 59 NE2d 551, as well as other cases to the same effect, which hold that where there has been a wrongful detention of property subsequently restored to the owner, the

measure of damages is the owner's loss of use thereof as measured by the reasonable rental value. She further contends that under the theory and reasoning of this rule, in order that she be adequately compensated for the deprivation of her property, her loss is substantial and not merely nominal.

 In our opinion it is not necessary to distinguish between the consequences of a wrongful detention and a technical conversion. The original possession of the trailer, by the Sheriff, may have been unauthorized, however, appellant learned of the unauthorized use of the trailer in December, 1959 and took no action. The trailer was returned to her temporarily in July, 1960 and thereafter returned to the Sheriff without objection by appellant. No further claim or demand was made and the trailer was returned in October, 1961. We believe that appellant's knowledge and acquiescence constituted a ratification of the transaction and that the continued possession of the trailer by the Sheriff was not unauthorized. Accordingly we believe that the facts do not support any theory of recovery based on conversion.

 It is equally clear from the evidence that no express agreement existed between the parties. Although appellant ratified the conduct of Mitchell, nevertheless it is clear from the evidence no one agreed to pay for the use of the trailer, although Sheriff Eutsey apparently indicated that some one should.

 This leaves us with appellant's last theory of recovery, namely that of a contract implied in law or a quasi contractual obligation. A contract implied in law is not the result of an express agreement between the parties but is rather the result of the conduct of the parties. In Board of Highway Com'rs v. City of Bloomington, 253 Ill 164, 97 NE 280, the court stated, "A familiar illustration of an implied contract is, where one person, in the absence of any express agreement, renders valuable services to another, which are knowingly accepted by

such other, the law will imply a promise to pay a fair and reasonable compensation for such services." We believe the similarity between the example and the facts in the instant case is apparent. Appellant without any express agreement, consented to and permitted the appellees to use her trailer. Appellees voluntarily accepted the benefits of the use of the trailer, under such circumstances that its use could not be presumed to be gratuitous. Hence an implied promise to pay the reasonable rental for said trailer arises. In our view of this case, the proper measure of damages was the reasonable rental value of the trailer.

██ ██ Appellant, in support of her contention that the amount of the judgment was inadequate, relies on the principle that where the testimony of a witness is uncontradicted, either by positive testimony or circumstances, and is not inherently improbable, it cannot be rejected. Jenkins v. Gerber, 336 Ill App 469, 84 NE2d 699. It follows, according to appellant, that since Halms was the only witness expressing an opinion on the reasonable rental value of the trailer, a judgment for an amount less than suggested by his testimony is improper. With this conclusion we cannot agree. The court in making its determination of reasonable rental of property may properly consider the value of the property, its condition and use as well as expert opinion. We believe, from the record, that there is evidence relevant to the determination of rental value, other than the testimony of Halm. Viewing the facts contained in the record as a whole and in relation to Halm's testimony, we find aspects of his testimony, either inapplicable to the facts or inherently improbable. His opinion was based on rental of trailers to contractors for short periods of time for storage purposes, and did not give any effect to the condition of the trailer. We do not regard an opinion as to the reasonable rental value of a trailer, based on a short period of time

necessarily applicable to the rental of a trailer admittedly in poor condition for a period of two years. Under these circumstances we do not believe Halm's testimony was controlling on the issue of damages. The judgment of the court below, being within the range of the evidence, we find no error in such judgment. We do not find it necessary to consider the errors, urged by appellant, with respect to the judgment in favor of Sheriff Ray Eutsey since appellant concedes that a consideration of such errors would only be pertinent if the judgment against the other appellees was reversed.

Accordingly the judgments of the Circuit Court of La Salle County are affirmed.

Judgments affirmed.

CORYN, P. J. and ALLOY, J., concur.