PHILLIP N. GEORGOUSES, Plaintiff-Appellee, v. CHRIST DEMOS, Defendant-Appellant.

First District (4th Division)   No. 61259

Opinion filed July 21, 1977.

Angelo D. Mistretta, Ltd., of Chicago (Angelo D. Mistretta and Philip J. McGuire, of counsel), for appellant.

Mark Schwartzman, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Phillip N. Georgouses, brought suit against defendant, Christ Demos, to recover $15,000 allegedly loaned to defendant on July 13, 1968. After a jury trial, a verdict was returned in favor of the plaintiff in the amount of $15,000.

Defendant appeals contending (1) the verdict was against the manifest weight of the evidence; (2) the verdict was a compromise between liability and damages, since the jury did not award interest; and (3) he was denied his constitutional right to a jury trial when one juror failed to appear and the court directed that the trial proceed with only 11 jurors. We affirm.

Certain facts forming the background to this litigation are not in dispute. Plaintiff had worked for Mary Ann Baking Company for 22 years. At the time of this trial in 1974, he was assistant to the president, Mr. Kuchuris. Defendant was a restaurateur. The baking company occasionally made loans directly to its restaurant customers, and sometimes acted as guarantor of such loans. Plaintiff was instrumental in arranging loans by his company to restaurants in which defendant was a partner or had a corporate interest until defendant's marriage in December 1966 to Kuchuris' daughter.

According to plaintiff's testimony, defendant telephoned him at the office in July 1968 and asked for a loan "on a personal basis, not a business loan." On July 13, 1968, plaintiff gave defendant a check for $15,000 and defendant agreed to pay 7% annual interest and said he would pay the money back in a few months. No written evidence of this indebtedness was made. Although he had authorized a collection agency to write to defendant and demand payment, he was unable to explain the reason that

a letter written by the agency on June 9, 1971, requested repayment of only $10,200. However, he testified at trial that this was the first time he had seen the letter.

Defendant testified he received the $15,000 not as a loan but to purchase for plaintiff, as requested by plaintiff, 5000 shares of King Kastle Restaurant stock, a closed corporation. Defendant owned a large block of this stock which he had acquired from his father-in-law, Mr. Kuchuris. Defendant was a corporate officer and was able to purchase the stock for one-third its market value. Defendant asserts that by agreement with plaintiff, and for business reasons, this stock was issued in the name of defendant and his wife and remained with defendant for safekeeping. Subsequently, King Kastle entered receivership and the stock became worthless.

Defendant first contends that the jury verdict was against the manifest weight of the evidence. We find this argument is without merit.

It is well settled that the credibility of witnesses and the weight to be given their testimony are matters for a jury to consider. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 309-10, 356 N.E.2d 32.) In a civil case it is for the jury to determine the preponderance of the evidence and a reviewing court will reverse only if the jury's determination is against the manifest weight of the evidence. *Lawson v. G. D. Searle & Co.* (1976), 64 Ill. 2d 543, 553, 356 N.E.2d 779.

■■ The testimony in this case was conflicting. According to plaintiff, defendant, whom he had known in business and socially for several years, called and asked for a personal loan. According to defendant's version, the $15,000 was given to defendant in order to purchase 5,000 shares of King Kastle stock at $3 share. According to defendant, the stock was then worth $9 a share, or $45,000, but subsequently became worthless because of business reversals of King Kastle, ultimately resulting in receivership proceedings. Defendant contends his version was "far more logical." Which version was more logical or believable and which of the witnesses was credible was a matter for the jury to determine. Plaintiff's testimony is not, as defendant contends, "incredible," and the verdict of the jury was not manifestly erroneous. We conclude the evidence was sufficient for the jury to conclude there was a legitimate loan. *Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 412, 342 N.E.2d 261.

In a closely related argument, defendant urges that the verdict was a compromise. If the jury believed plaintiff, the defendant contends, it would have awarded damages of $15,000 plus 7 per cent simple interest from July of 1968 until trial in August of 1974, an amount in excess of $6,000. However, the cases cited by defendant, *Jenkins v. Gerber* (1949), 336 Ill. App. 469, 84 N.E.2d 699, and *Kinsell v. Hawthorne* (1960), 27 Ill. App. 2d 314, 169 N.E.2d 678, are distinguishable. In *Kinsell,* medical

expenses, alone, were $855.41 and injuries were severe (e.g., 98% permanent loss of vision). Finding the $4,000 damages allowed were unfair the court ordered a new trial because it appeared the jury compromised between liability and damages. In *Jenkins,* the only evidence tending to show the amount of actual damages to a building into which defendant drove his truck was that of an experienced building contractor, familiar with the building, who examined the building a few days after the accident and concluded that $527.16 was the fair, reasonable, and ordinary cost of restoring the building to its condition before the accident. A $200 jury verdict was reversed because the jury had disregarded the uncontradicted testimony of the contractor and the damages could not be supported by any theory advanced by either party.

■■ In this case, the jury specified $15,000 on the verdict form. Perhaps the jury believed the $15,000 was a loan and did not believe that interest was agreed to. If so, the verdict was not arbitrary. (Cf. *Beatty v. Wierus* (1976), 40 Ill. App. 3d 356, 361, 352 N.E.2d 34.) Perhaps the jury mistakenly thought the court could compute the interest. However, as plaintiff points out, this would be a discrepancy which, on appeal, can be taken advantage of only by him, the injured party who was not awarded the interest. (*Rauen v. Chicago Railways Co.* (1917), 205 Ill. App. 464, 469.) We do not find the verdict of the jury to be a compromise between liability and damages.

Finally, defendant contends the record does not show any clear stipulation to proceed with only 11 jurors. At the beginning of the trial on August 27, 1974, outside the presence of the jury, the court stated:

> "It has been stipulated by and between the attorney for the plaintiff and the attorney for the defendant that in the event one or two jurors become ill or otherwise unable to serve as jurors during the course of the trial the parties have agreed to accept and to go ahead with not less than ten jurors."

Counsel for defendant responded "Agreed, your Honor" and when the court asked, "Is that correct, gentlemen?", counsel for defendant again answered, "Yes, your Honor."

On August 29, 1974, the final day of trial, after the court had ruled on several motions, the court stated that they were still waiting for a juror to arrive. The court further stated its understanding that there was "agreement" between the attorneys for the parties that if the juror did not appear, the court would rule at that time on any other motions. Following a conference concerning the instructions, the court stated, for the record, that one juror had failed to appear and he was going to withdraw her as a juror. The following colloquy then took place:

> "THE COURT: * * * And we have now only eleven jurors.

And I am going to discharge this juror from service from the jury, and we are going to go ahead with eleven jurors pursuant to the stipulation. Do you understand this?

MR. ROSENBERG, [Counsel for Defendant]: Yes, your Honor.

THE COURT: And I have to advise this lady is to be excused from any other jury service.

MR. DEMOPOULOS: Yes, Sir.

MR. ROSENBERG: Yes."

The jury was then brought in and the court informed the remaining 11 jurors that the missing juror was discharged and dismissed as a member of the jury "by agreement of the parties and their respective attorneys and that they will proceed with eleven jurors." The court then asked, "Is that correct, Gentlemen?" Both counsel then answered, "That is correct, your Honor."

Defendant's post-trial motion, filed September 25, 1974, contends only that the verdict is not sustained by the evidence, that plaintiff's instruction Number 7 was not sustained by the evidence and that the jury, in light of that instruction, reached a compromise verdict. No mention is made that the judge should have declared a mistrial because of the missing juror.

■■ Supreme Court Rule 366(b)(2) (iii) provides that a party may not urge as error on review, any point, ground or relief not specified in his post-trial motion in a jury case. (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(2)(iii).) Therefore, not having raised this issue concerning the jury in its post-trial motion, defendant is precluded from raising it now. *Mangan v. F. C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 575, 336 N.E.2d 374; *Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 105, 210 N.E.2d 191.

In *Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457, cited by defendant, there was no pretrial stipulation, as there was here, to proceed with less than 12 jurors if necessary. When one of the jurors was unable to continue service on the jury, counsel moved for a mistrial and when this was denied, raised the denial in his post-trial motion. In the instant case, this issue was not properly preserved.

Furthermore, the issue is without merit. The parties stipulated prior to trial that, if any jurors became ill or unable to serve, the parties agreed to proceed to verdict with not less than 10 jurors. The record further establishes that when one juror did not appear, the parties again specifically agreed to finish the matter with 11 jurors.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.